SAMUEL SCHWAB, RELATOR v. WALTER H. COOTS.

*Public officer—Contempts—Review of order refusing to inflict penalty—Original jurisdiction.*

An order refusing a petition for the punishment of a sheriff for contempt in omitting the performance of his duty is not reviewable by the Supreme Court on *certiorari*.

A judgment subjecting a respondent in mandamus proceedings to liability to pay money or stand imprisoned for contempt in neglecting to obey the writ, is as final as any other money or final judgment and is reviewable.

The Supreme Court has power to review in some way all final judgments.

The provision protecting a respondent in mandamus from all farther liability on paying a fine imposed for neglect to obey the writ (Comp. L. § 7111) does not apply if an order to pay such fine has been denied; and the refusal of the order is not *prima facie* evidence that he has not made himself liable for the results of his omission.

Private remedies for the omission of an officer to execute legal process are not lost by the failure of statutory proceedings against him for contempt; and as the denial of the latter remedy is not a final judgment and appellate jurisdiction is not given in such cases, it would be original action for the Supreme Court to review it, whether the amount of damages could or could not be fixed with certainty.

Damages for a sheriff's omission to serve process are in their nature unliquidated.

It would be original action for the Supreme Court to review the action of a lower court in fixing the elements of a recovery of damages if judicial discretion in doing so is necessary, and has not been exercised.

Certiorari to Superior Court of Detroit.    Submitted Oct. 15.    Decided Oct. 27.

*Don M. Dickinson* and *Alfred Russell* for relator. A sheriff is liable for not proceeding on an execution: Freeman on Executions § 252; Crocker on Sheriffs §§ 414, 832; or for injury resulting from his neglect to obey proper directions from the plaintiff in the execution: *Root v. Wagner* 30 N. Y. 16; Crocker on Sheriffs §§ 407, 779; Freeman on Executions §§ 106-8; *Morgan v. People* 59 Ill. 58; *Reddick v. Cloud* 7 Ill. 670; *Tucker v. Bradley* 15 Conn. 46; *Wall v. Trumbull* 16 Mich. 235; *Dawson v. Merchants' Bank* 30 Ga. 664; *Rogers v. McDearmid* 7 N. H. 506; *Richardson v. Bartley* 2 B. Monr. 328; *Patton v. Hamner* 28 Ala. 618; *Poston v. Southern* 7 B. Monr. 289; *Walworth v. Readsboro* 24 Vt. 252; *Shryock v. Jones* 22 Penn. St. 303; Cooley on Torts 466.

*Edwin F. Conely* for respondent.

CAMPBELL, J. The proceedings in this cause arose under the act for the punishment of contempts in aid of civil remedies. Coots, who is sheriff of Wayne county, was entrusted with an execution from the Superior Court of Detroit on a judgment in favor of the relator against Salmon S. Matthews, and others. This judgment was based on a trespass by Matthews who was United States Marshal and seized as belonging to parties named Schott and Feibish, property belonging to Samuel Schwab the relator. Considerable litigation has arisen in various ways out of these proceedings, which have been before this court once for consideration as to the validity of that judgment: *Mabley v. Judge of Superior Court* 41 Mich. 31, and indirectly in *Hudson, relator v. Judge of Superior Court* 42 Mich. 239.

Without going into full details, it is perhaps enough for the present to say that respondent was charged with intentional and gross misconduct in omitting to do his duty under the execution and in colluding to further the procurement of an injunction from the United States Circuit Court against further proceedings. This injunction was relied on to relieve him from punishment. The Superior Court denied the

application to punish the sheriff, and a *certiorari* is brought to review that action. It is claimed for respondent that no review can be had of this proceeding denying redress, because it would require this court to give what would be substantially an original judgment, which it has no power to render.

Several cases have come before us, which were cited on the argument, in which we have reviewed and affirmed or reversed judgments against respondents whereby they have been subjected to liability to pay money or stand imprisoned. Upon such cases there is no room for doubt. Such judgments are as final as any other money or final judgments, and this court has power to review in some way all final judgments. But the question whether a refusal to give any relief is a final judgment, is different, and must depend somewhat on its effect on the rights of the relator.

The usual methods of obtaining redress for grievances are by actions for damages. There are some cases where a party has an election of remedies, and when the result of the remedy chosen is decisive. In such cases there is no difficulty.

Under the present statutes it is expressly provided that in case an order is finally made adjudging payment of a certain sum by respondent, his payment of it shall preclude any other proceeding to recover for the wrong. Comp. L. § 7111. But we find nothing in the statutes which provides that these proceedings shall in themselves either stay or supersede any other legal remedies which the relator may resort to; and until actual payment nothing seems to be suspended or barred. When the statute contains an express provision concerning the effect of such collateral proceedings it cannot very well be applied under a different state of facts.

This being so, and the usual common-law remedy remaining open, it cannot be held that a mere failure to punish the offender is conclusive or even *prima facie* evidence that he has not made himself liable for the results of misconduct. And it remains to be seen how this affects the present case.

This statute was borrowed from New York, and had been construed when we borrowed it. In the case of *Spalding v. State of New York* 7 Hill 301, it was fully examined and

44 MICH—30

passed upon, and the decision of the State court was affirmed by the Supreme court of the United States in 4 How. 21. Spalding had violated an injunction and disposed of property against the interest of a creditor, and was fined $3000 and costs. He subsequently was discharged in bankruptcy, whereby his debt was wiped out. On an application to imprison him for non-payment of this sum, which was ordered to be paid to the relator and not a fine in the usual sense, he set up his discharge in bar. His defense was overruled in all the courts, and it was held the fine was not discharged, although the original debt was admitted to be cut off. The New York court through Judge Nelson, who gave the opinion, held that this penalty was not to be treated as a debt in the proper sense of the term, but as punitory, and the fact that it was made payable to the party injured did not make the proceeding a private suit for damages, or alter its character as a criminal prosecution. It was a public prosecution and not a private remedy, although the State had seen fit to direct punishment to take the form of private reparation. Under the English bankrupt laws such penalties were expressly barred, but the United States bankrupt law barred nothing but debts, and this was held to be something else, which was to be reached through the people as aggrieved by a criminal contempt.

This case seems very clear to the effect that although allowed to be conducted by a private prosecutor with a view to ultimate private benefit, the complaint is after all a summary criminal and not civil proceeding. Such cases are not unknown to the law. Indictments for forcible entry and detainer furnish a familiar instance of the use of criminal process for civil purposes. And so of informations for intrusion upon public office, or for corporation usurpations and misconduct in some cases.

The party complaining having lost no remedy of his own, and no appellate jurisdiction having been given to review such cases, it cannot exist unless it comes within some other legal analogies. We think it does not, and that if we were to interfere it would be original and not appellate action.

The mere fact that some certain amount of damages can be reached would not authorize us to take jurisdiction, when in most cases no such rule could be found. But as matter of fact such damages as are claimed here are in their nature unliquidated, and it is by no means certain what precise sum would cover the injury, and it is therefore uncertain what view the court below would have been justified in taking of it if any judgment had been rendered. While it may be that less than the sum now claimed would have been unjust, it is by no means certain that it would have been the exact amount arrived at as large enough under all the circumstances. There were also some disputed facts. There was a necessity of using judicial discretion in determining the elements of recovery, and until it was so exercised, any action on our part would be original action, to reach the proper result.

We think the effect of the action of the Superior Court was not final on the relator in regard to any right which he had to proceed for himself, and that we have no legal means of fixing punishment ourselves.

The *certiorari* must therefore be dismissed as improvidently issued. No costs are awarded.

The other Justices concurred.