| 104 | 411 |
|---|---|
| 105 | 670 |
| 104 | 411 |
| [137 | ²674 |
| 104 | 411 |
| 143 | ²399 |
| 104 | 411 |
| ₁f150 | ¹255 |

A. SCHUYLER MONTGOMERY ET AL. v. THE MUSKEGON BOOMING COMPANY. IN THE MATTER OF THE PROCEEDINGS AGAINST HERMAN O. LANGE FOR ALLEGED CONTEMPT OF COURT.

[See 88 Mich. 633; 100 Id. 436.]

*Contempt proceedings—Certiorari.*

1. In contempt proceedings under How. Stat. chap. 256, to enforce civil remedies, the respondent cannot be ordered to reimburse the moving party for the loss and injury which he claims to have sustained by the misconduct of the respondent, except upon a finding that the respondent has been guilty of the contempt charged, that his misconduct has caused actual loss or injury, and of the amount of such injury; citing *Appeal of George T. Smith*, 86 Mich. 149; *Holland v. Weed*, 87 Id. 584.

2. An order of the circuit court adjudging a respondent guilty of contempt, and imposing a fine for his misconduct, but refusing to order the payment by him of the damages claimed to have been sustained by the party instituting the contempt proceedings, cannot be reviewed upon *certiorari* at the instance of such party, the court finding affirmatively that the evidence does not show that said party has sustained actual loss or injury by reason of the acts complained of; citing *Schwab v. Coots*, 44 Mich. 463.

*Certiorari* to Muskegon. (Moore, J., presiding.) Argued February 1, 1895. Decided March 19, 1895.

Plaintiffs instituted contempt proceedings against respondent for unlawful interference with the process and proceedings in an action at law, and bring *certiorari* to review the order of the court entered therein. Writ dismissed. The facts are stated in the opinion.

*Bunker & Carpenter*, for petitioners.

*FitzGerald & Barry*, for respondent.

HOOKER, J.    Proceedings for contempt were instituted against Herman O. Lange, and he was convicted of being instrumental in preventing one Burd from being present to give his testimony as a witness in a case then pending in the Muskegon circuit court between Montgomery *et al.*, plaintiffs, and the Muskegon Booming Company.    That action was brought to recover damages by fire, alleged to have been caused by the negligent use of the defendant company's tug.    Upon the first trial, plaintiffs recovered a judgment, which was reversed by this Court.    See 88 Mich. 633.    A second trial was commenced upon a Thursday.    Upon the succeeding Saturday, and before the conclusion of the trial, the plaintiffs were informed that one Burd would testify that he put a spark-arrester upon the smoke-stack of the boat about two weeks after the fire, and it is said that Burd told one of the plaintiffs, on the following Sunday, that the tug had no spark-arrester at the time of the fire, and promised to remain, and testify to that fact.    He was not subpoenaed.    Lange assisted Burd to leave the State the same night, and he was not present at the trial.    A verdict was rendered in favor of the defendant, which was subsequently set aside, and a new trial granted, upon motion of the plaintiffs, without costs to either party, for the reason that the plaintiffs had been unable to obtain the testimony of one Bennett and of Burd.

This proceeding was instituted by petition filed in October, 1893, by the plaintiffs, praying that Lange be punished for contempt of the court in causing Bennett, a witness subpoenaed by the plaintiffs, and Burd, who had not been subpoenaed, to leave the jurisdiction of the court, thus depriving the plaintiffs of the benefit of their testimony upon the second trial; and that Lange be required to pay to counsel for the plaintiffs a sum sufficient to reimburse said plaintiffs for the actual loss and injury caused

them by such misconduct. The circuit judge filed a written finding, from which it appears that Lange's conviction was based upon his instrumentality in procuring Burd to absent himself, and not upon any interference with Bennett. The court found affirmatively that the evidence did not show that the plaintiffs had sustained actual loss or injury by reason of the acts of Lange, and denied relief to them, but imposed a fine of $200 upon Lange, which was subsequently paid.

Under the decisions of this Court, the plaintiffs would not be entitled to the relief sought except upon a finding that the defendant was guilty of contempt, that the misconduct had caused actual loss or injury, and the amount of the injury. *Appeal of George T. Smith*, 86 Mich. 149; *Holland v. Weed*, 87 Id. 584; *State v. Lonsdale*, 48 Wis. 348. It is claimed upon the part of the petitioners that, inasmuch as the defendant was adjudged guilty, the court had no alternative but to find that plaintiffs had suffered injury, and the extent thereof, under the undisputed evidence. The case of *Schwab v. Coots*, 44 Mich. 463, is an authority in point. That case holds that these proceedings are "summary criminal proceedings, although allowed to be conducted by a private prosecutor, with a view to ultimate private benefit." That was a case where the court refused to punish a sheriff who was accused of colluding with an execution debtor in defeating an execution in his hands. Here the court refused to find that plaintiffs were injured, and to assess damages in their favor. The only difference between the cases is that in the Coots case the court is not shown to have found the defendant guilty of misconduct, while here he finds misconduct, and punishes, but declines to find that plaintiffs have been injured. In both cases relief was denied to the plaintiffs by the lower court. Both cases were removed to this Court by *certiorari*. In the Coots case the Court admitted its power to review

a final judgment against a respondent', upon his appeal, but said that a different question arises when the petitioner seeks relief which has been denied him, and decided that the plaintiff in *certiorari* had lost no remedy of his own, and that to interfere would be to exercise original, and not appellate, jurisdiction. It was said that the action of the superior court was not final on the relator in regard to any right which he had to proceed for himself, as he had the right to private action, which had never been suspended. The writ was dismissed as improvidently issued. A similar order will be made in this case.

The other Justices concurred.