EDWIN A. RASCH AND HENRY KIESLING v. ALFRED E. SHEPPARD.

105   667
f137   674

*Contempt—Appeal.*

An appeal will not lie from the order of a circuit judge, made in contempt proceedings instituted by the complainants in a judgment creditors' suit to punish the defendant for a violation of the injunction issued on filing their bill, that the defendant is not guilty of the contempt charged; citing *Schwab v. Coots*, 44 Mich. 463; *Montgomery v. Booming Co.*, 104 Id. 411.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs April 18, 1895. Decided July 2, 1895.

Judgment creditors' bill. Complainants appeal from order refusing to punish defendant for contempt. Appeal dismissed. The facts are stated in the opinion.

*Bowen, Douglas & Whiting*, for complainants.

*Charles C. Stewart,* for defendant.

LONG, J. Complainants, on January 14, 1893, filed an ordinary judgment creditors' bill, in which the defendant Alfred E. Sheppard was the judgment debtor. On the same day, an order for an injunction was indorsed on the bill by the circuit judge, and the subpœna and injunction immediately issued. The injunction, among other things, restrained the defendant Alfred E. Sheppard—

"From collecting, receiving, selling, transferring, assigning, delivering, or in any way or manner using, controlling, interfering, meddling with, or disposing of, any debts or demands due to said Alfred E. Sheppard, * * * or of any real or personal estate, goods, wares, merchandise, account books, bills, drafts, checks, moneys, stocks, promissory notes, bonds, mortgages, judgments, or other securities, things in action, property, or effects belonging to the said Alfred E. Sheppard."

The writ of subpoena and the writ of injunction, together with a copy of the bill of complaint and notice for the appointment of a receiver, were served personally upon the other defendant, Mary G. Sheppard, the wife of the defendant Alfred E. Sheppard, upon the afternoon of January 14, 1893; and a copy of the writ of injunction was left with her at that time. This was Saturday afternoon. On Monday afternoon, January 16, 1893, after banking hours, a similar service was made upon the defendant Alfred E. Sheppard.

During the month of February, 1894, the defendant Alfred E. Sheppard was examined before one of the circuit court commissioners in this same cause as to the property in his possession or under his custody or control at the time the bill of complaint was filed against him, and he denied having any property of any kind whatsoever or any money in his possession at the time the bill was filed against him. In this examination, however, it was developed that the defendant Alfred E. Sheppard had borrowed $2,000 of a Mrs. Frances Wells, of Detroit, Mich., during the month of December, 1892; but the defendant claimed to have spent all the money before the bill of complaint was filed in this cause, on January 14, 1893, although he could not or refused to account specifically as to what he had done with it.

In December, 1894, a case was tried in the Wayne circuit court, in which Frances W. Wells was plaintiff, and Mary G. Sheppard, the wife of Alfred E. Sheppard, was defendant, which suit was for the recovery of this same $2,000 referred to in the testimony of Alfred E. Shep-

pard; and the only question involved was whether Mrs. Frances W. Wells, the plaintiff, had loaned the money to Mary G. Sheppard, or to her husband, Alfred E. Sheppard. Alfred E. Sheppard testified as a witness in behalf of his wife in this cause. In this latter testimony, Alfred E. Sheppard claimed to have borrowed the $2,000 from Mrs. Frances Wells; that he used the money, or the bulk of it, in paying his debts, principally debts that he owed one A. B. Thomas for money that he had collected on land contracts belonging to said Thomas, and appropriated to his own use, without turning it over to the said Thomas. In all, he showed deposit slips for $1,388.52 used in this way, deposited on six different occasions with the Detroit Savings Bank, to the credit of A. B. Thomas. The last deposit was made on January 16, 1893, amounting to $122; and he admits having $100 or over of the money left after the 16th day of January, 1893, which he spent for different things, partly for household bills.

On the strength of this testimony, complainants filed their petition with the Wayne circuit court, in chancery, for an order that the said Alfred E. Sheppard show cause why he should not be punished for contempt of court in appropriating $122 of money belonging to him, in his possession, to pay other debts, in violation of the injunction, after he had notice of the issuance of the same, and also in the appropriation of $100 to the payment of other debts in violation of the injunction after the same was served upon him. An order to show cause was issued, and the defendant appeared, and answered the same, denying under oath that he had ever paid any money out belonging to him in violation of the injunction after he had notice of the issuance of the same. A hearing was had on the issue thus framed, and the testimony of Alfred E. Sheppard taken in this case before the circuit court commissioner, and his testimony taken as a witness for his wife, were read in evidence as an admission against him. He himself offered no evidence. The circuit judge

on January 28, 1895, found him not guilty of contempt, and from this order complainants appeal.

The complainants had no right of appeal. The case is ruled by *Montgomery v. Booming Co.*, 104 Mich. 411, and *Schwab v. Coots*, 44 Id. 463. See, also, 2 Daniell, Ch. Prac. 1069, note (*b*); Jenn. Ch. Prac. p. 547.

The appeal must be dismissed, with costs to defendant.

The other Justices concurred.