WILKINSON *v.* DUNKLEY-WILLIAMS CO.

1. INJUNCTION—INJURY TO LAND—WATERCOURSES.
   Injunction will issue to restrain injury to lots and a street adjoining a river by cutting through them to make a channel and basin in which to turn a steamboat too large for the river.

2. SAME—INJURY TO STREET—PRIVATE PERSON—PECULIAR INTEREST.
   The owner of the lots, to which access is possible only along such street, has the peculiar interest in the street necessary to enable him to maintain injunction to restrain interference with it.

3. SAME—EQUITABLE OWNER—RIGHT TO SUE.
   That complainant's deed of land was only intended as a mortgage is immaterial to a stranger against whom injunction is sought to restrain his interference with the property.

Appeal from Van Buren; Carr, J. Submitted January 11, 1905. (Docket No. 42.) Decided April 21, 1905.

Bill by Thomas L. Wilkinson against the Dunkley-Williams Company to restrain an encroachment upon land. From a decree for complainant, defendant appeals. Affirmed.

*Sam H. Kelley* and *M. L. Howell,* for complainant.
*H. T. Cook* and *A. J. Mills,* for defendant.

MONTGOMERY, J. The bill alleges that complainant is the owner of a number of lots lying between Black River and Black River street in the city of South Haven; that Black River street can be reached from the other parts of the town only by way of Dyckman street, and that the lots can only be reached from Black River street; that in May, 1903, the defendant unlawfully and without authority or permission cut a channel or basin from the then

water's edge on lots 4, 5, 6, and 7, in block 7, in Dyckman & Woodman's Addition to South Haven, through those lots, and into and part way across Black River street, so that the lots invaded were not only destroyed, but access to the other property of complainant lying below this excavation was interfered with and destroyed. This was done to enable defendants to turn a steamer which was so large that it could not turn in the river. The answer denied complainant's title, alleging that his deed was in fact a mortgage. It alleged that a basin for turning boats existed on the premises before its entry, and that it deepened and dredged out this basin, and excavated into Black River street, and that consent was given by the city authorities. The evidence was taken in open court, and showed that the defendant removed a large amount of earth from said lots, and a considerable distance into Black River street. The court visited and examined the premises and adjacent property, and found the allegations of the bill to be true.

There is little room for questioning the conclusion of the circuit judge on the facts. We are satisfied that the bank of the river, as fixed by the platting and as recognized by the authorities, was substantially as claimed by complainant; that Black River street was platted as a means of furnishing access to the lots now owned by complainant; and that the defendant has cut into both the lots and the street. That a remedy by injunction exists in such a case is clear. *Davis* v. *Township of Frankenlust*, 118 Mich. 494, and cases cited; *Stock* v. *Township of Jefferson*, 114 Mich. 357 (38 L. R. A. 355).

We think, also, that complainant has such a peculiar interest in this street as to entitle him to protection against invasion by the defendant. *Grand Rapids, etc., R. Co.* v. *Heisel*, 47 Mich. 393.

The defendant insists that, as complainant holds the legal title as security only, he is not entitled to maintain this action. No question arises between the complainant and the equitable owner of the land. The question here

is whether the owner of the legal title, whose interest is in equity that of a mortgagee, may maintain a bill for an injunction to preserve the property. We think he may. 20 Am. & Eng. Enc. Law (2d Ed.), p. 1017, and cases cited in note 3. The cases of *Taylor* v. *McConnell*, 53 Mich. 587, and *Collins* v. *Rea*, 127 Mich. 273, cited by defendant's counsel, do not make for a contrary rule. The most that can be said of either case is that it was not found necessary to declare the doctrine above stated, and that it was not declared.

The decree is affirmed.

MOORE, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.