CITY OF SOUTH HAVEN *v.* VAN BUREN PROBATE JUDGE.

Eminent Domain— Public Use—Navigable Waters — Harbors
—Enlargement—Cities.

A city of the fourth class cannot condemn land for the purpose
of improving and enlarging a harbor on navigable water.
Section 1, chap. 25, Act No. 136, Pub. Acts 1899.

Certiorari to Van Buren; Carr, J.   Submitted March
28, 1905.   (Calendar No. 21,005.)   Decided May 12, 1905.

Mandamus by the city of South Haven to compel James
H. Johnson, probate judge of Van Buren county, to pro-
ceed with the hearing of a petition to condemn certain
land.   There was an order denying the writ, and relator
brings certiorari.   Affirmed.

*Chandler & Donovan* (*Hiram T. Cook* and *A. J.
Mills,* of counsel), for relator.

*Samuel H. Kelley, M. L. Howell,* and *Thomas J. Cav-
anaugh,* for respondent.

Carpenter, J.   Certiorari to review mandamus pro-
ceedings.   Relator filed a petition in the probate court for
the county of Van Buren seeking to acquire by condem-
nation certain land situated within its corporate limits "for
the purpose of improving the navigable waters of Black
river within the corporate limits of said city by widening
and deepening the watercourse of said Black river within
said city limits and constructing public wharves, docks,
slips, basins, and landings on the navigable waters of said
Black river."   Respondent, said probate judge, dismissed
said petition on the ground that he had no jurisdiction to

proceed thereunder.    Relator thereupon instituted these proceedings to obtain a mandamus directing respondent " to proceed with said cause."    The circuit court denied relator this relief, and we are asked to review that decision.

While it may possibly be inferred from its petition that relator proposes to use some of the land sought to be condemned for the purpose of constructing public wharves, docks, slips, basins, and landings, it is clear that its essential purpose in condemning said land is to acquire it for the purpose of making a larger and more commodious harbor; that most of the land sought to be condemned will be used for that purpose; and that relator will obtain no substantial benefit from this condemnation unless it may be so used.    ( The case of *Wilkinson* v. *Dunkley-Williams Co.*, 139 Mich. 621, related to this same property, and affords some evidence of the necessity of enlarging said harbor.)    We ought not, therefore, to issue a mandamus compelling respondent to proceed, unless relator has the legal right to acquire by condemnation land to be used for the purpose of creating or enlarging a harbor upon navigable water.    Has it that right ?    That depends upon the proper construction of section 1, chap. 25, Act No. 136 of the Public Acts of 1899.    (An act relating to cities of the fourth class, to which relator belongs.)    That section, so far as material to the question under discussion, reads as follows :

" Private property may be appropriated for public use in any city   *   *   *   for public wharves, docks, slips, basins and landings on navigable waters and for the improvement   of   watercourses;    for   sewers,   drains   and ditches."

It cannot be and is not contended that that portion of the above language authorizing land to be appropriated for "public wharves, docks, slips, basins and landings on navigable waters" authorizes the taking of land for the creation or enlarging of a harbor.    The city has authority (see section 3143, 1 Comp. Laws) to " construct, maintain

and control public wharves, docks, piers, landing places and levees, basins and canals," but it has no authority to enlarge, create, control, or maintain a harbor on navigable water. Harbors on navigable waters are generally made and controlled by the Federal authorities.

The question remains, Can relator, under its grant of authority in this statute to take land "for the improvement of watercourses," take the same for the purpose of enlarging or creating a harbor upon navigable water? What is the proper construction of the grant to the city of the authority to take land "for the improvement of watercourses?" Does it authorize the city to take land for all improvements of watercourses, even though the city itself is powerless to make such improvement, or does it merely authorize the city to acquire such land as is required to make an improvement which it (the city itself) has the power to make? I think the latter construction is the proper one, otherwise the city might, under this statute, acquire land which might never be devoted to a public use. See *Trombley* v. *Humphrey*, 23 Mich. 471. By denying that the language under consideration gives to the city authority to take land for the purpose of enlarging a harbor on navigable water, we do not render it altogether meaningless, for the city has authority to make certain improvements in watercourses. I think section 3155, 1 Comp. Laws, which gives relator and all cities of its class authority to "establish, construct and maintain sewers and drains whenever and wherever necessary * * * for the drainage of the city" (see, also, sections 3169, 3170, 1 Comp. Laws), gives ample authority to make improvements in watercourses for the purpose of drainage. Nor am I willing to say that a city may not make improvements in watercourses for purposes other than drainage, but it is clear that it cannot make them to enlarge a harbor on navigable water. Before the section under consideration was amended in 1899, it read: "And for the improvement of watercourses for sewers, drains

and ditches." Section 3222, 1 Comp. Laws. It will be noticed that when amended this portion of the statute was changed only by punctuation. Mere changes in punctuation are not of special significance. See *Campau* v. *Dewey*, 9 Mich. 406. See, also, *Cushing* v. *Worrick*, 9 Gray (Mass.), 382; *Gyger's Estate*, 65 Pa. St. 311; *Hamilton* v. *Steamboat R. B. Hamilton*, 16 Ohio St. 432. We are of the opinion that the statute properly construed does not authorize cities to take land for the enlargement of a harbor upon navigable water, and that respondent should not, therefore, be compelled to proceed with the condemnation proceedings.

Whether the legislature can authorize a city to acquire by condemnation proceedings land which it itself has no power to devote to a public use, and whether it may authorize a city to enlarge a harbor on navigable water, are important constitutional questions not involved in this case, which we do not consider.

The order of the circuit court is affirmed.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.