WILKINSON v. DUNKLEY-WILLIAMS CO.

INJUNCTION—VIOLATION—CONTEMPT—DAMAGES RECOVERABLE.
　Where a defendant has been adjudged guilty of contempt in
　　violating an injunction and a reference is made to determine
　　the injury to complainant, complainant is not entitled to re-
　　cover in the contempt proceeding for the damages done be-
　　fore the injunction was violated, but for those damages must
　　be relegated to the remedy provided in the original decree,
　　or some other appropriate remedy.

Contempt proceedings by Thomas L. Wilkinson against the Dunkley-Williams Company for the violation of an injunction. Submitted June 18, 1907. (Calendar No. 20,623.) Decided December 10, 1907.

*Samuel H. Kelley* (*Colin P. Campbell*, of counsel), for the motion.

*Cook & Chandler* and *Alfred J. Mills*, contra.

PER CURIAM. The case has been here in several of its phases before. See 139 Mich. 621, 141 Mich. 409. In the first of these opinions a decree granting complainant an injunction was affirmed. In the last opinion it was held that the defendant had ignored the provisions of the decree and should be punished as for contempt, and the case was referred to the circuit court commissioner to take testimony to determine the extent of the punishment.

The decree affirmed in the first opinion reads in part as follows:

"That on the 10th day of May, 1903, the defendant, without consent of the owner thereof and without right or authority, entered upon said lots four, five and six, and dug and removed a quantity of earth from said lots and from the street known as Black River street, for a dis-

tance of thirty-seven (37) feet and a width of an average of fifty-seven (57) feet, the outer margin of such excavation being circular or elliptical in shape, and the depth of such excavation being sufficient to create a depth of water of several feet, and that said defendant used the said excavation and the water so standing therein as an addition to their turn basin for the turning of their vessels without the consent of the complainant and without any right or authority; and the court doth further find that the complainant has no adequate remedy at law.

"It is therefore ordered, adjudged and decreed, and this court in virtue of power therein vested doth order, adjudge and decree that the injunction theretofore granted and issued, in so far as the same restrains and enjoins entry by the defendant upon that part or portion of said lots that was wrongfully excavated by the defendant on the 10th day of May, 1903, be and is continued and made permanent, and that the said defendant and its officers and agents be and are hereby enjoined and restrained from going upon any part of said lots embraced within the line of said excavation, with their boats or vessels, except only for the purpose of replacing the earth taken therefrom and for the purpose of refilling said excavation; and the said defendant is hereby ordered to refill the said excavation within sixty (60) days from the date of this decree, or on its failure so to do the said complainant may so refill said excavation and may recover from said defendant the cost thereof, to be determined by reference to a commissioner of this court under the rules and practice thereof."

The complainant did not appeal from this decree.

The decree referring the proceeding to the circuit court commissioner reads in part as follows:

"It is therefore adjudged and determined, that said Dunkley-Williams Company is guilty of the contempt of court as alleged against it. And the complainant now alleging that actual loss and injury has been sustained by him by the misconduct of said defendant and its contempt of court in the violation of said injunction, and that he should be awarded damages pursuant to the statute in such case made and provided: Therefore it is further adjudged and determined, and the court doth adjudge and determine that the matter be and is referred to Oran W. Rowland, Esq., one of the circuit court commissioners in

and for the county of Van Buren to take such proofs," etc.

Testimony was taken at very considerable length before the commissioner who has returned the same to this court with his report. Neither party at the time of the taking of the testimony had filled the excavation mentioned in the decree.

It is the contention of the relator that in this proceeding. he is entitled to recover the damages caused by making the excavation made upon his property, as well as the damage caused by the violation of the injunction, and he put in his evidence before the commissioner upon that theory.

It is the contention of respondent that the only damages which can be recovered are those caused by the violation of the injunction and that none were caused, and therefore there can be no recovery. Neither of these contentions can be sustained. The relator cites *Chapel* v. *Hull*, 60 Mich. 167. An examination of that case shows the damage for which recovery was allowed was done pending the injunction. The principle of law which should control is clearly stated in *Montgomery* v. *Booming Co.*, 104 Mich. 411, and cases cited therein, and it is not necessary to restate it here. The relator cannot recover in this proceeding for the damages done before the injunction was violated, but for them must be relegated to the remedy provided in the original decree, or some other appropriate remedy. He is entitled to recover for the injury caused by the violation of the injunction. It is difficult to determine just the extent of that injury as it is so largely a matter of opinion. It does appear however that the banks of the excavation were caused to fall into the excavation, and it would be a moderate estimate to say the injury amounted to at least $15.

The relator will recover that amount, with costs of this proceeding.