## CIVIL SERVICE COMMISSION OF THE CITY OF DETROIT *v.* ENGEL.

1. MUNICIPAL CORPORATIONS—BOARD OF HEALTH—DETROIT CHARTER —CIVIL SERVICE—HEALTH DEPARTMENT—STATE.

    The health board of the city of Detroit is a State agency which is not affected by the provisions of the civil service act or amendment to the charter adopted in the city of Detroit, since such department exercises governmental functions different from those of a department like the fire department of a city.

2. SAME—STATUTES—CITIES.

    Under the provisions of the new Constitution, sections 21 and 22 providing that the electors shall have authority to frame and amend their charters and pass all laws and ordinances relating to municipal concerns and that any city or village may acquire, own, and maintain parks, boulevards, cemeteries, hospitals, almshouses, and *all works which involve the public health or safety,* no change has been made in the relation of such department to the State, which has not by legislative action made any new or different provision in relation to the health department or repealed the act which created it.

3. SAME—PUBLIC OFFICERS—CIVIL SERVICE—DETROIT CHARTER.
   An appointee of the board of health of the city of Detroit could not be required to pass a civil service examination as a preliminary to accepting an appointment as an employee of the board and an injunction will not issue to restrain the city comptroller from paying his salary as fixed by the board.

Appeal from Wayne; Murphy, J. Submitted January 15, 1915. (Docket No. 110.) Decided February 11, 1915.

Bill by the civil service commission of the city of Detroit against George Engel, city comptroller, to enjoin defendant from paying the salary of one Robert E. Lee. From a decree for the defendant, complainant appeals. Affirmed.

*Robert T. Speed,* for complainant.

*Richard I. Lawson,* for defendant.

BIRD, J. The health board of the city of Detroit employed one Robert E. Lee, after the civil service law of Detroit went into operation, without his having passed the civil service examination. It is the contention of the complainant commission that the employees of the health board are subject to the provisions of the act, and in consequence thereof that the employment of Lee was irregular. For the purpose of enjoining the controller from paying Lee his wages, they filed this bill. The position of the controller is that the employees of the health board are not subject to the provisions of the act; that the health board is a State agency, whose members are appointed by the governor; and that the health department is not a creature of the city charter, but exists by force of a special act of the legislature, which provides that the health officer may appoint and dismiss all employees of the health department.

If the question whether the health board of Detroit is a State agency is to decide the question, we must hold that it is a State agency, and therefore not affected by the provisions of the civil service act. The question whether the health board of the city of Detroit was a State agency was directly decided in *Davock* v. *Moore,* 105 Mich. 120 (63 N. W. 424, 28 L. R. A. 783), and afterwards approved in *Davidson* v. *Hine,* 151 Mich. 294 (115 N. W. 246, 15 L. R. A. (N. S.) 575, 123 Am. St. Rep. 267, 14 Am. & Eng. Ann. Cas. 352). In the latter case the distinction between a purely municipal agency, like the fire department, and a governmental one, like the health department, was clearly pointed out by Mr. Justice CARPENTER.

But it is contended by complainant that, notwithstanding these holdings, subsequent changes in the Constitution have made the health department solely a municipal agency. The provisions relied upon to effect this change, are the following:

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter,     *     *     *     and through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State."     Article 8, § 21.

"Any city or village may acquire, own, establish and maintain, either within or without its corporate limits, parks, boulevards, cemeteries, hospitals, almshouses and all works which involve the public health or safety."     Article 8, § 22.

It is argued that these two sections, construed together, have clearly transferred the health department of the city of Detroit from the domain of governmental agency to one of purely municipal concern. We are unable to agree with this conclusion. The words "all works which involve the public health," found in section 22, obviously have reference to physi-

cal properties which may be convenient or necessary in caring for the public health.

Section 21 clearly enlarges the rights of cities and villages to control and manage their own local affairs, but this must be done as the section provides, "subject to the Constitution and general laws of the State." The State has not manifested any intention of surrendering its control over such matters by repealing the act which created the department, and in so far as the record shows no attempt has been made upon the part of the city to exercise that authority by passing any other or different provision in relation thereto.

For these reasons, we must hold that the constitutional provisions referred to have wrought no change in the relation of the health board to the city of Detroit.

The right conclusion having been reached in the trial court, its action will be affirmed, without costs to either party.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.