CITY OF DETROIT *v.* OAKLAND CIRCUIT JUDGE.

1. EMINENT DOMAIN—MUNICIPAL CORPORATIONS—HOME-RULE ACT —CONDEMNATION OF LAND OUTSIDE CITY LIMITS FOR PARKS.

   The home-rule act (1 Comp. Laws 1915, § 3307, as amended by Act No. 353, Pub. Acts 1921) does not confer upon cities the authority to provide in their charters the right to secure, for park purposes, by eminent domain, land outside of their corporate limits and the county in which they are located.

2. CONSTITUTIONAL LAW—WHEN PROVISION SELF-EXECUTING.

   A constitutional provision is not self-executing when it merely lays down general principles, but it is self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced without the aid of legislative enactment.

3. EMINENT DOMAIN—RIGHT IS INHERENT IN STATE.

   The right of eminent domain is inherent in the State, but the manner of its exercise is for the legislature.

4. SAME—RIGHT NOT INHERENT IN MUNICIPALITIES.

   The right of eminent domain is not inherent in municipalities, but may by appropriate legislation be conferred upon them.

5. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — CONDEMNATION OF LAND OUTSIDE CITY LIMITS FOR PARKS.

   If article 8, § 22, State Constitution, permitting cities to "acquire" parks without their corporate limits may be said to comprehend the right of acquisition by eminent domain (upon which question decision is reserved), it is not self-executing, because it merely lays down a general principle, but requires the aid of legislative enactment.

6. EMINENT DOMAIN—PROCEEDINGS PROPERLY DISMISSED.

   There being neither constitutional nor statutory authority conferred upon cities to acquire, for park purposes, by

[1]Eminent Domain, 20 C. J. § 24; [2]Constitutional Law, 12 C. J. §§ 106, 107; [3]Eminent Domain, 20 C. J. §§ 2, 110; [4]Id., 20 C. J. § 24; [5]Constitutional Law, 12 C. J. § 107; [6]Eminent Domain, 20 C. J. § 24.

eminent domain, land without their corporate limits, proceedings for such purpose, instituted by the city of Detroit under Act No. 149, Pub. Acts 1911, as amended by Act No. 37, Pub. Acts 1925, were properly dismissed.

Mandamus by the city of Detroit to compel Glenn C. Gillespie, circuit judge of Oakland county, to vacate an order dismissing a petition in condemnation proceedings.   Submitted November 23, 1926.   (Calendar No. 32,677.)   Writ denied February 4, 1927.

*Charles P. O'Neil,* Corporation Counsel, and *Arthur F. Lederle,* Assistant Corporation Counsel, for plaintiff.

*Trowbridge, Lewis & Watkins,* for defendant.

SNOW, J.   The city of Detroit owns by gift 65 acres of land two miles beyond its limits in the city of Royal Oak, Oakland county.   It is maintained as a zoological park, and is constantly being improved.   To secure a better entrance to the park, the city, under Act No. 149, Pub. Acts 1911, as amended by Act No. 37, Pub. Acts 1925, instituted condemnation proceedings to acquire privately owned lands in Oakland county, to be used for such purpose.   These proceedings were successfully resisted by the owners, the trial court, upon motion, entering an order dismissing the petition. They are here reviewed upon petition of plaintiff for mandamus directing a vacation of such order.

The right to condemn is claimed by the city to come from:   (1) Its charter and the home-rule act; (2) the State Constitution.

1. Chapter 1, tit. 3, § 12, subd. (*u*), of the charter empowers the city council—

"to acquire by gift, grant, devise, bequest, or any other manner real or personal property, for public parks, grounds, boulevards, zoological gardens, cemeteries, public buildings and other public purposes, whether such property is acquired directly or in trust, and

whether such property is located within or without the corporate limits of the city of Detroit, or within or without the corporate limits of the county of Wayne; and to provide for the appropriation of such funds for the maintenance and upkeep of such property, so acquired, as the common council may set aside for said purpose."

Assuming (without so holding) that this charter provision grants to the city the right to condemn property of the character in question, Was not said provision enacted without authority, and therefore void?

We quote the city's claim as to its validity from the brief of counsel:

"Although it is conceded by the petitioner that the home-rule bill, so-called, does not specifically grant the power to acquire parks outside the county in which it is situated, it is plain that it does specifically authorize cities to make provisions in their charter for exercising all municipal powers in the management and control of municipal property. See subdivision (*t*), section 4, Act No. 279, Pub. Acts 1909, as amended (home-rule bill, 1 Comp. Laws 1915, § 3307), which reads as follows:

" 'SECTION 4. Each city may in its charter provide: * * * (*t*) For the exercise of all municipal powers in the management and control of municipal property in the administration of municipal government, whether such powers be expressly enumerated or not; for any act to advance the interest of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concern subject to the Constitution and general laws of this State.' "

Another provision of the home-rule bill is Act No. 353, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 3307 [1]), amending section 4, by adding thereto section 4 (*a*) as follows:

"Each city may provide in its charter for the acquisition by gift of real or personal property made by grant, devise, bequest or in any other manner for public parks, grounds, boulevards, zoological gardens,

cemeteries, public buildings and other public purposes, whether made directly or in trust, and whether within or without its corporate limits or within or without the corporate limits of the county in which such city is located." * * *

We are unimpressed with the suggestion that either of these provisions of the home-rule act just referred to confers upon a city authority to provide by its charter the right to secure for park purposes by eminent domain (as is here attempted) land outside of its corporate limits and the county in which it is located. It is clear that the charter embraces a much greater scope than does the statute last quoted. The statute applies to an acquisition by gift only, while the charter applies to property acquired in any manner. The city, in the enactment of this provision of its charter, clearly acted without legislative authority.

2. Article 8, § 22, of the State Constitution is as follows:

"Any city or village may acquire, own, establish and maintain, either within or without its corporate limits, parks, boulevards, cemeteries, hospitals, almshouses and all works which involve the public health or safety."

It is claimed by the city that this provision is self-executing, and that it acquires rights and powers directly from it without any enabling enactments of the legislature.

It is certain that this section of the Constitution gives to cities and villages the right to own, establish, and maintain parks outside of the corporate limits. But the legislative power is vested by the Constitution in the legislature, which maintains general control over cities, and which was directed by the Constitution to provide by a general law for the incorporation of cities, under which the electors were given authority to frame, adopt, and amend their charters, subject to

237—Mich.—29.

the Constitution and the general laws of the State (Art. 8, §§ 20, 21).

Discussing the constitutional provisions relative to cities and villages (Art. 8, §§ 20-29), Mr. Justice STONE has this to say:

"With regard to the subject we are considering, the impressive thing about these constitutional provisions is that they recognize and affirm the theory that cities owe their origin and their powers to the legislature. And while cities may refer power to do some things, as, for example, power to acquire certain public works, directly to some of these constitutional provisions, it must be admitted that all of these provisions should be considered with reference to the fact that legislative power is vested in the legislature and that the Constitution recognizes, as former Constitutions have recognized, the general control of the legislature over cities. That the legislative power ought to be exercised in such manner as to preserve the right of local self-government is a doctrine which in application in no way modifies or qualifies the idea of the general legislative power of creation and control." *City of Kalamazoo* v. *Titus,* 208 Mich. 252.

See, too, *Detroit Civil Service Com'n* v. *Engel,* 184 Mich. 269; *Clements* v. *McCabe,* 210 Mich. 207.

Without doubt constitutional provisions may be self-executing; in fact it has been stated to be the rule that the presumption now is that all provisions of the Constitution are self-executing. 6 R. C. L. p. 58, § 53. But—

"One of the recognized rules is that a constitutional provision is *not* self-executing when it merely lays down general principles, but that it *is* self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced, without the aid of a legislative enactment." 6 R. C. L. p. 59, § 55.

The right of eminent domain is inherent in the State, but the manner of its exercise is for the legislature.

See *Loomis* v. *Hartz,* 165 Mich. 662-665.   It is not inherent in municipalities, but may by appropriate legislation be conferred upon them.    20 C. J. pp. 536-538; *City of Detroit* v. *Weil,* 180 Mich. 593.    It is with the right of eminent domain only that we are dealing in the present case.   The Constitution (Art. 8, § 22) permits cities to "acquire" parks without their corporate limits.   If to "acquire," as here used, may be said to comprehend the right of acquisition by eminent domain (upon which question, however, we do not pass), under the test rule in R. C. L. above quoted, the section is not self-executing as it "merely lays down a general principle," and provides no means for the enjoyment of the right without "the aid of legislative enactment."

In 20 C. J. p. 537 it is said:

"The power of eminent domain cannot be exercised by such municipalities or bodies, however, unless authority is given by the legislature in express terms or by necessary implication."

See, also, *City of South Haven* v. *Van Buren Probate Judge,* 140 Mich. 117.

"Power to condemn property outside of corporate limits may be conferred on municipal corporations, but in the absence of statutory authority such power does not exist."    20 C. J. p. 538, and cases cited.

Cooley's Constitutional Limitations (7th Ed.), p. 759, says:

"The right to appropriate private property to public uses lies dormant in the State, until legislative action is had, pointing out the occasions, the modes, conditions and agencies for its appropriations."

Also—

"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced, and it is not

self-executing when it merely indicates principles without laying down rules by means of which those principles may be given the force of law.    Thus, a constitution may very clearly require county and town government; but if it fails to indicate its range, and to provide proper machinery, it is not in this particular self-executing, and legislation is essential."    *Id.* p. 121.

See, also, *Davis* v. *Burke,* 179 U. S. 399, 403 (21 Sup. Ct. 210).

"The general doctrine is clear that a municipal corporation cannot usually exercise its power beyond its own limits.    If it has in any case authority to do so, the authority must be derived from some statute which expressly or impliedly permits it."    *City of Coldwater* v. *Tucker,* 36 Mich. 474 (24 Am. Rep. 601).

See, also, *City of Port Huron* v. *McCall,* 46 Mich. 565, and *Woodmere Cemetery* v. *Roulo,* 104 Mich. 595.

The writer is in full accord with as extensive grant as may be of the right of home rule, so-called, to cities.    But such grant must obtain expression by legislative enactment or in the Constitution.    There is no legislation conferring upon cities the right contended for here, and it is a far cry to urge that the permission given them by the Constitution to acquire parks within and without their corporate limits, *ipso facto,* and without any prescribed procedure of any sort, gives them such permission by the exercise of the right of eminent domain.

We hold the provision of the Constitution under consideration is neither self-executing to the extent that it permits the right to condemn as here attempted, nor does it confer upon cities, without legislation, the right to provide for it in their charters.

The writ of mandamus sought is denied, with costs to defendant.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.