MASON *v.* SIEGEL.

1. CONTEMPT—DISCRETION OF COURT.
   The issuance of an order of contempt rests in the sound discretion of the trial court.

2. SAME—ABUSE OF DISCRETION—REVIEW.
   Refusal of a trial court to adjudge one guilty of contempt is not reviewable except for abuse of discretion.

3. SAME—REVIEW.
   An order of contempt or the refusal to issue such an order is not properly reviewable by general appeal, the proper remedy being certiorari or mandamus.

4. SAME—VIOLATION OF INJUNCTION—GENERAL APPEAL.
   Refusal of trial court to hold defendant in contempt of court for violation of injunction restraining chattel mortgagor from disposing of stock, equipment, and money other than in the usual course of business may not be reviewed by Supreme Court on general appeal.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 10, 1942. (Docket No. 92, Calendar No. 41,263.) Decided May 18, 1942.

Petition by Rose Mason, assignee of Robert A. May, administrator of the estate of Felix Houseman, deceased, against Samuel Siegel, also known as Sam Siegel, doing business as Standard Disinfectant Company, to have defendant adjudged guilty of contempt of court in violating the terms of an injunction. Petition dismissed. Plaintiff appeals. Affirmed.

*Clifford A. Mitts, Jr.,* for plaintiff.

*De Vere Kostoff,* for defendant.

SHARPE, J. This is an appeal from an order dismissing a petition and order to show cause.

On August 3, 1939, plaintiff commenced a suit against defendant to foreclose a chattel mortgage. At the commencement of this suit an injunction was issued restraining the defendant from selling, transferring, using, destroying or disposing of any of the goods, stocks, wares, merchandise, or equipment located at the store at 68 Ionia avenue, S.W., Grand Rapids, Michigan, other than in the usual course of business. The injunction also provided that defendant was not to use any of the moneys collected from the accounts of the business known as the Standard Disinfectant Company other than in connection with the operation of the business; and enjoined defendant from drawing out or issuing any checks upon any of the bank accounts of defendant or the Standard Disinfectant Company other than for the usual course of business.

On April 12, 1940, upon petition of plaintiff an order to show cause was issued ordering defendant to show cause why he should not be held in contempt because of his violation of the injunction. After a hearing on this show-cause order and at the close of plaintiff's case, the trial court granted a motion to dismiss and an order was entered dismissing plaintiff's petition and the order to show cause.

Plaintiff appeals and contends that the trial court was in error in finding that there was no evidence to support the claims set forth in plaintiff's petition; that the findings of the court were against the great and overwhelming weight of the evidence; and that the undisputed testimony conclusively shows several distinct violations of the injunction.

Defendant urges that the decision of the trial court was in harmony with the proof offered by plaintiff; and that the decision of the trial court that

there was no violation of the injunction is not reviewable by general appeal to the Supreme Court.

In *People, ex rel. Dean,* v. *Railroad Co.,* 137 Mich. 673, petitioner appealed from an order of the circuit court refusing to punish for contempt for violation of an injunction. We there said:

"We find it settled by the previous decisions of this court that this court will not review the determination of a circuit judge refusing to punish for contempt. The question arose first in *Schwab* v. *Coots,* 44 Mich. 463, in which the subject is treated at some length by Justice CAMPBELL, and the conclusion reached that certiorari would not lie to review such action. The question arose in the same form in *Montgomery* v. *Muskegon Booming Company,* 104 Mich. 411, and the same conclusion was announced, following *Schwab* v. *Coots.* In *Rasch* v. *Sheppard,* 105 Mich. 667, the question arose in an appeal from an order in a chancery proceeding refusing to find the defendant guilty of the contempt charged, and the court held, in an opinion by Mr. Justice LONG, that the complainants had no right of appeal. * * *

"We are not able to distinguish this case from the cases cited, and the appeal will be dismissed, with costs."

In *Barnaby* v. *Barnaby,* 290 Mich. 335, we said:

"The issuance of an order of contempt rests in the sound discretion of the court. Refusal of a court to adjudge one guilty of contempt is not reviewable except for abuse of discretion. 13 C. J. p. 105. The only question before us is the claimed error of the court in refusing to issue contempt process against the plaintiff. Review of an order of contempt or the refusal to issue such an order is not properly reviewable by general appeal. The proper remedy is by certiorari or mandamus."

In the case at bar petitioner seeks by general appeal to review an order of the trial court refusing to

punish for contempt. Under the above authority this may not be done by general appeal.

The order of the trial court is affirmed, with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.