# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 13, 2006

131185 & (102)(103)


TOWNSHIP OF GROSSE ILE,
   Plaintiff-Appellant/
   Cross-Appellee,
v

GROSSE ILE BRIDGE COMPANY,
   Defendant-Appellee/
   Cross-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131185
COA: 255759
Wayne CC: 03-325491-CC

   On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the April 4, 2006 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, although on a basis different than that articulated by the Court of Appeals.

   As a township, plaintiff has the statutory authority to acquire property by condemnation for public purposes and public service pursuant to MCL 41.2(3) and MCL 41.411(3). Here, plaintiff adopted a resolution statement of necessity, expressing several reasons for condemning defendant's property. The Uniform Condemnation Procedure Act permits a resisting property owner to "challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint." MCL 213.56(1). The statutory provision permits judicial review of the necessity of acquiring the property for the purposes stated in the complaint. It does not, however, permit judicial review of the purposes stated in the complaint. See *State Highway Commission v Vanderkloot*, 392 Mich 159, 176 (1974) ("There can be no judicial review of the decision to make such an 'improvement.' But the determination of the property on which such 'improvement' is made is subject to judicial review for 'fraud or abuse of discretion.'") By independently reviewing plaintiff's rationale for condemning defendant's property, the Court of Appeals erroneously reevaluated the prudence of plaintiff's decision to make the improvement.

   However, plaintiff cannot exercise its condemnation power beyond its limits in the absence of statutory authorization permitting as much. *City of Detroit v Oakland Circuit Judge*, 237 Mich 446 (1927); *City of Coldwater v Tucker*, 36 Mich 474 (1877). In this

case, plaintiff has revealed no authority that would allow the Township to acquire property by extraterritorial condemnation. Because plaintiff enjoys no statutory prerogative to condemn the property it seeks, the Court of Appeals properly affirmed the Wayne County Circuit Court's order dismissing plaintiff's condemnation petition.

Accordingly, leave to appeal the April 4, 2006 judgment of the Court of Appeals is DENIED.

CAVANAGH, J., would grant leave to appeal.

KELLY, J., would grant both the application for leave to appeal and the application for leave to appeal as cross-appellant.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 13, 2006

_____
Clerk

p1010