# STATE OF MICHIGAN

# COURT OF APPEALS

ROY RUSHA,

  Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS,

  Defendant-Appellant.

FOR PUBLICATION
October 21, 2014
9:15 a.m.

No. 317693
Court of Claims
LC No. 13-000023-MM

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

MURRAY, J.

Defendant Department of Corrections ("DOC") appeals as of right from the Court of Claims order denying its motion for summary disposition of plaintiff's allegation of cruel or unusual punishment in violation of the Michigan Constitution. On appeal, the DOC contends that plaintiff's failure to file the statutorily required notice of intent within six months of the alleged injury bars this lawsuit where the complaint was not filed until nearly 28 months after the alleged injury first accrued. Because we hold that the statutory notice requirement of MCL 600.6431 applies to constitutional torts, we reverse the Court of Claims' decision to the contrary and remand this case for entry of an order granting the DOC's motion for summary disposition.

## I. BACKGROUND

This case arises out of plaintiff's claim that the DOC violated the Michigan Constitution's ban on cruel or unusual punishment by failing to treat his multiple sclerosis during his incarceration. See Const 1963, art 1, § 16. As alleged in the complaint, plaintiff was incarcerated on October 20, 2010, having violated his probation. Five months earlier, plaintiff's doctor had diagnosed him with multiple sclerosis, and as of October 20, had ordered him to continue receiving certain medication. Prison doctors apparently disagreed. Instead, they concluded plaintiff did not satisfy the DOC's criteria for a multiple sclerosis diagnosis and refused treatment on this ground. Plaintiff's symptoms allegedly worsened. He experienced multiple hospitalizations during which independent physicians diagnosed him with acute relapsing multiple sclerosis. Despite plaintiff's persistent symptoms and weekly grievances, the DOC continued to refuse the alleged necessary medications. Plaintiff was eventually transferred to a different correctional facility and confined to a wheelchair. On August 28, 2012, plaintiff was released from prison. His condition has allegedly deteriorated since that time.

## II. PROCEEDINGS

-1-

Less than a year after his release from prison, plaintiff filed a single-count complaint in the Court of Claims alleging cruel or unusual punishment. Plaintiff did not, however, file a notice of intention to file a claim against the state for personal injuries. See MCL 600.6431(3).

The complaint alleged that the DOC's "capitated basis" compensation method incentivized its independent medical contractors to provide substandard care to prisoners by rendering the contractors responsible for costs exceeding a predetermined rate of compensation set by the DOC's per-prison-per-month ("PPPM") formula. Plaintiff claims that this policy accounted for the prison doctors' refusal to diagnose and treat his multiple sclerosis under the DOC's criteria despite numerous diagnoses to the contrary by independent physicians, and that, consequently, the DOC's enactment and enforcement of this policy and criteria constituted cruel or unusual punishment in violation of the Michigan Constitution.

The DOC moved for summary disposition on multiple grounds. Relevant to this appeal is the DOC's contention that plaintiff's failure to comply with the six-month statutory notice period of MCL 600.6431(3) precluded this action.[1] Plaintiff responded that MCL 600.6431(3)'s filing requirement was inapplicable since the gravamen of his claim was constitutional and his personal injury, as a mere consequence of the alleged constitutional violation, could not trigger that subsection. Alternatively, plaintiff claimed that because the DOC denied him treatment until his release date from prison, the constitutional violation was of a "continuing nature" and his complaint was therefore timely filed.

After hearing arguments, the court ultimately agreed with plaintiff, ruling that constitutional torts are exempt from the requirements of MCL 600.6431(3). As explained during the motion hearing:

> [M]y opinion is that constitutional torts do not have to conform with the requirements of notice under the act because the constitution - - you know, I am not a big constitutional tort fan personally, but the constitution trumps statutes. . . . But my opinion is, he can file it willy-nilly, apparently, as long as he is suffering from the injury.

An order denying the DOC's motion was entered on July 23, 2013. This appeal followed.[2]

### III. ANALYSIS

---

[1] The DOC also argued that plaintiff's failure to verify the complaint and failure to comply with the disclosure requirements of MCL 600.5507(2) as set forth in the prison litigation reform act, MCL 600.5501 *et seq.*, each independently warranted dismissal. The court ultimately rejected the former argument, while the DOC voluntarily withdrew the latter.

[2] This Court previously dismissed plaintiff's jurisdictional challenge. *Rusha v Dep't of Corrections*, unpublished order of the Court of Appeals, entered May 29, 2014 (Docket No. 317693).

The sole issue for decision is whether plaintiff's failure to comply with the six-month statutory notice period of MCL 600.6431(3) bars his claim alleging a constitutional tort. We hold that it does. The Court of Claims ruled on this issue pursuant to MCR 2.116(C)(7). We review de novo a trial court's ruling under that subrule. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001).

In interpreting both constitutional and statutory provisions, the primary duty of the judiciary is to ascertain the purpose and intent of the provision at issue. *White v Ann Arbor*, 406 Mich 554, 562; 281 NW2d 283 (1979). The starting point—and usually the ending point—for this inquiry is the plain language. *Co Rd Ass'n of Mich v Governor*, 474 Mich 11, 15; 705 NW2d 680 (2005); *UAW v Green*, 302 Mich App 246, 264-265; 839 NW2d 1 (2013); *Rinke v Potrzebowski*, 254 Mich App 411, 414; 657 NW2d 169 (2002). "When a constitutional or statutory provision contains clear and unambiguous language it is not open to judicial construction and effect is given to the plain meaning of the words used." *Oppenhuizen v City of Zeeland*, 101 Mich App 40, 49; 300 NW2d 445 (1980).

As noted, plaintiff's complaint consists of one count alleging a violation of Article 1, § 16 of the Michigan Constitution on the basis that the DOC policy precluded plaintiff's treatment for multiple sclerosis, worsened his condition, and therefore its enforcement subjected him to cruel or unusual punishment that caused him damage. Our Supreme Court has held that a claim for damages premised on a constitutional provision standing alone *may be* actionable under circumstances such as those presented here, i.e., where the claimant alleges a violation of the Michigan Constitution by virtue of a governmental custom or policy. *Smith v Dept of Pub Health*, 428 Mich 540, 545; 410 NW2d 749 (1987), aff'd sub nom *Will v Dep't of State Police*, 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989). This type of claim has been referred to as a "constitutional tort." *77th Dist Judge v Michigan*, 175 Mich App 681, 692-693; 438 NW2d 333 (1989), overruled on other grounds by *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 774 n 8; 664 NW2d 185 (2003); see also *Smith*, 428 Mich at 610 n 21 (BRICKLEY, J.), 642-643 (BOYLE, J., concurring in part and dissenting in part).

Assuming plaintiff has properly alleged a constitutional tort, the Court of Claims has exclusive jurisdiction. Pertinent to this case, the Court of Claims Act (the "Act"), MCL 600.6401 *et seq.*, expressly vests that court with exclusive jurisdiction "[t]o hear and determine any claim or demand, statutory or constitutional . . . ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief . . . against the state or any of its departments . . . notwithstanding another law that confers jurisdiction of the case in the circuit court." MCL 600.6419(1)(a). Although plaintiff brought this action in the Court of Claims, he argues that he was not required to comply with the Act's applicable provisions and procedures.

In particular, one procedure he asserts does not apply to this case is the Act's notice provision, which requires a claimant either to file a claim or to provide notice of his intention to file a claim against the state within one year of its accrual, MCL 600.6431(1), unless the claim is for personal injuries or property damage, in which case the deadline is six months, MCL 600.6431(3). Plaintiff's complaint outlines numerous physical injuries and conditions that he suffers from as a result of the allegedly unconstitutional policies of the DOC, including more symptomatic and debilitating multiple sclerosis, being wheel chair bound, and having a port permanently inserted into his chest. To remedy these conditions and injuries, plaintiff

specifically seeks only monetary damages, and not injunctive relief, because he is no longer in prison. Hence, plaintiff's constitutional tort claim clearly seeks redress for his personal injuries. See *Palmer v Bd of Comm'rs for Payne Co, Okla*, 765 F Supp 2d 1289, 1294-1295 (WD Okla, 2011) (court applied personal injury statute of limitations to plaintiff's Eight Amendment claim of denial of medical care), aff'd 441 Fed Appx 582 (CA 10, 2011) and citing *Wilson v Garcia*, 471 US 261, 276-280; 105 S Ct 1938; 85 L Ed 2d 254 (1985). Accordingly, plaintiff's claim falls under the six-month statutory notice provision of MCL 600.6431(3).

Application of MCL 600.6431(3) is straightforward. The statutory language unambiguously sets forth the six-month window within which to file a claim or notice of intent to file a claim after an alleged personal injury's accrual:

> In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file that claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action. [MCL 600.6431(3).]

Section 6431(3) is an unambiguous "condition precedent to sue the state," *McCahan v Brennan*, 291 Mich App 430, 433; 804 NW2d 906 (2011), aff'd 492 Mich 730 (2012), and a claimant's failure to comply strictly with this notice provision warrants dismissal of the claim, even if no prejudice resulted, *McCahan v Brennan*, 492 Mich 730, 746-747; 822 NW2d 747 (2012).

Plaintiff does not, and indeed cannot, contest his failure to comply with the condition precedent of § 6431(3). Instead, plaintiff argues that the Court of Claims properly denied the DOC's motion for summary disposition because the Act's statutory notice requirement cannot interfere with his constitutional tort claim since the Constitution trumps statutes.[3] Plaintiff's argument ignores a long line of *published* cases recognizing the Legislature's constitutional authority to enact procedural rules governing constitutional claims.

Indeed, it is well established that the Legislature may impose reasonable procedural requirements, such as a limitations period, on a plaintiff's available remedies even when those remedies pertain to alleged constitutional violations. *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 126; 537 NW2d 596 (1995). This ability to set reasonable procedural requirements is broadly construed and encompasses legislation supplemental to

---

[3] Plaintiff relies almost exclusively on an unpublished decision of this Court for the proposition that statutory notice requirements are inapplicable where constitutional torts are at issue. See *Rodwell v Forrest*, unpublished opinion per curiam of the Court of Appeals, issued May 25, 2010 (Docket No. 289038). Setting aside that *Rodwell* has no precedential value, MCR 7.215(C)(1), central to *Rodwell's* holding was that governmental immunity cannot provide a shield from constitutional tort liability. *Id*. at 5. No doubt that is the case. See *Co Rd Ass'n of Mich v Governor*, 287 Mich App 95, 121; 782 NW2d 784 (2010). But that proposition is not at issue here, as the statutory notice requirement of § 6431 does not preclude plaintiff from suing for a violation of Article 1, § 16, it just contains a procedural mechanism for bringing such a claim.

constitutional provisions that are self-executing. *Durant v Dep't of Education (On Second Remand)*, 186 Mich App 83, 98; 463 NW2d 461 (1990). "The only limitation, unless otherwise expressly indicated, on legislation supplementary to self-executing constitutional provisions is that the right guaranteed shall not be curtailed or any undue burdens placed thereon." *Id*. at 98, quoting *Hamilton v Sec of State*, 227 Mich 111, 125; 198 NW 843 (1924), quoting *State, ex rel Caldwell v Co Judge*, 22 Okla 712; 98 P 964 (1908).

Whether a constitutional provision is self-executing depends upon whether subsequent legislation is a necessary prerequisite for its operation. *Durant*, 186 Mich App at 97. On this score, our Supreme Court has elaborated:

> A constitutional provision may be said to be self-executing, if it supplies a sufficient rule, by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law. [*Thompson v Sec of State*, 192 Mich 512, 520; 159 NW 65 (1916), quoting Cooley, Constitutional Limitations (7th ed), p 121.]

The constitutional provision at issue provides in relevant part that "cruel or unusual punishment shall not be inflicted . . . ." Const 1963, art 1, § 16. This prohibition clearly proscribes a specific evil: the state inflicting cruel or unusual punishment on a person. Article 1, § 16 is not merely a statement of abstract principle or a dormant aspiration pending subsequent legislation, such as a municipality's ability to own and operate a utility,[4] the power to exercise eminent domain,[5] or the federal prohibition on state taxation of imports.[6] Instead, this unambiguous proscription renders "a sufficient rule by means of which the right it grants may be enjoyed and protected." *Detroit v Oakland Circuit Judge*, 237 Mich 446, 450; 212 NW 207 (1927) (citation omitted). No further legislation is required to effectuate the ban, so the provision is self-executing. See 16 CJS, Constitutional Law, § 93, p 120 ("The cruel and unusual punishment provision of a state constitution is a self-executing provision that prohibits specific evils that can be remedied without implementing legislation"); *State v Lafferty*, 20 P3d 342, 365

---

[4] See *Sault Ste Marie City Comm v Sault Ste Marie City Attorney*, 313 Mich 644, 654, 659; 21 NW2d 906 (1946) (holding that Article 8, § 24 of the 1908 Constitution authorizing a city or village to issue bonds under certain conditions to acquire or operate a public utility is not self-executing).

[5] See *Detroit v Oakland Circuit Judge*, 237 Mich 446, 451; 212 NW 207 (1927) (holding that to the extent the constitutional provision permitting cities to "acquire" parks without their corporate limits comprehends the right of acquisition by eminent domain (see 1908 Const, art 8, § 22), the provision is not self-executing "as it merely lays down a general principle") (citation omitted).

[6] See *Price Paper Corp v Detroit*, 42 Mich App 488, 491; 202 NW2d 523 (1972) ("The provision of the Federal Constitution prohibiting state taxation of imports is not self-executing.").

(Utah, 2001) ("Article I, section 9 [of the Utah Constitution providing that 'cruel and unusual punishment shall not be inflicted'] is also a self-executing provision that prohibits specific evils that can be remedied without implementing legislation"); *De La Rosa v New York*, 173 Misc 2d 1007, 1010; 662 NYS2d 921 (1997) (explaining that New York State's Constitutional provision prohibiting cruel and unusual punishments is self executing); *Ex parte Berman*, 86 Ohio App 411, 417; 87 NE2d 716 (1949) ("The provisions contained in the Bill of Rights respectively of the Federal and Ohio Constitutions defining . . . the guarantees against cruel and unusual punishment . . . *are self-executing and require no legislative or statutory authority* to support or implement them") (emphasis in original).

Because the ban on cruel or unusual punishment is self executing, the question becomes whether the six-month statutory notice of § 6431(3) curtails or places an undue burden on the right to be free from its infliction. *Durant*, 186 Mich App at 98. It does not. The only burden § 6431(3) places on the assertion of a personal injury claim against the state—constitutional or otherwise—is a six-month filing deadline. This is a minimal imposition, especially considering that § 6431 allows the filing of statutory notice in lieu of filing an entire claim.[7] The statutory notice requirement does not abrogate a substantive right, but rather provides the framework within which a claimant may assert that right. Notice provisions like this one generally give the state "time to investigate and to appropriate funds for settlement purposes," *Davis v Farmers Ins Group*, 86 Mich App 45, 47; 272 NW2d 334 (1978), while simultaneously allowing the claimant to retain the full benefit of the applicable limitations period.[8] See, also, *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 212; 731 NW2d 41 (2007). In other words statutory notice, like a statute of limitations, is a procedural rather than substantive rule. *American States Ins Co v Dep't of Treasury*, 220 Mich App 586, 590; 560 NW2d 644 (1996) (statutory notice provisions are "procedural protections") (citation omitted); *Gleason v Dep't of Transp*, 256 Mich App 1, 2; 662 NW2d 822 (2003) ("A statute of limitations is a procedural, not substantive, rule").

On this point, it bears emphasis that Michigan courts routinely enforce statutes of limitations where constitutional claims are at issue. See, e.g., *Taxpayers Allied*, 450 Mich at 125-126 (applying the one-year limitation period to bar a Headlee Amendment claim); *Gleason*, 256 Mich App at 2-3 ("plaintiffs' substantive right to compensation when private property is taken for public use is wholly unaffected by the procedural requirement that the action be brought within three years of its accrual"); *Durant*, 186 Mich App at 98 ("A one-year period of limitation does not curtail or place undue burdens on a taxpayer's exercise of rights granted by

---

[7] Regarding the content of a written notice of intent to file a claim, MCL 600.6431(1) requires the claimant to file

> [a] written notice of intention to file a claim against the state or any of its departments . . . stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which . . . notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

[8] The statute of limitations for personal injury actions is three years. MCL 600.5805(10).

the Headlee Amendment"); *Price Paper Corp v Detroit*, 42 Mich App 488, 491; 202 NW2d 523 (1972) ("Plaintiff's failure to exercise the existing statutory remedy within the prescribed time limit does not deny the constitutional tax exemption on imports. It does, however, foreclose further assertion of the exemption in the courts."). The exception to enforcement lies where "it can be demonstrated that [statutes of limitations] are so harsh and unreasonable in their consequences that they effectively divest plaintiffs of the access to the courts intended by the grant of the substantive right." *Curtin v Dep't of State Hwys*, 127 Mich App 160, 163; 339 NW2d 7 (1983) (citations omitted).

We see no reason—and plaintiff has provided none—to treat statutory notice requirements differently. Indeed, although statutory notice requirements and statutes of limitations do not serve identical objectives, *Davis*, 86 Mich App at 47, both are *procedural* requirements that ultimately restrict a plaintiff's remedy, but not the substantive right. See *American States Ins Co*, 220 Mich App at 599 (statutory notice periods are " 'devices . . . which have the effect of shortening the period of time set forth in' statutes of limitation") (ellipsis in original), quoting *Carver v McKernan*, 390 Mich 96, 99; 211 NW2d 24 (1973), overruled on other grounds by *Rowland*, 477 Mich at 213, 222-223; see also *Brown v United States*, 239 US App DC 345, 362; 742 F2d 1498 (1984) (en banc) (BORK, J., dissenting) ("Like statutes of limitations, notice-of-claims provisions go primarily to the remedy") (citation omitted).

Here, it can hardly be said that application of the six-month notice provision of § 6431(3) effectively divested plaintiff of the ability to vindicate the alleged constitutional violation or otherwise functionally abrogated a constitutional right. Again, plaintiff waited nearly 28 months to file his claim. But § 6431(3) would have permitted him to file a claim on this very timeline had he only provided notice of his intent to do so within six months of the claim's accrual. Providing such notice would have imposed only a minimal procedural burden, which in any event would be significantly less than the "minor 'practical difficulties' facing those who need only make, sign and file a complaint within six months." *Brown*, 239 US App DC at 365 (BORK, J., dissenting), quoting *Burnett v Grattan*, 468 US 42, 51; 104 S Ct 2924; 82 L Ed 2d 36 (1984) (quotation marks omitted). To be sure, providing statutory notice "requires only ordinary knowledge and diligence on the part of the injured and his counsel, and there is no reason for relieving them from the requirements of this [statutory notice provision] that would not be applicable to any other statute of limitation." *Rowland*, 477 Mich at 211, quoting *Ridgeway v Escanaba*, 154 Mich 68, 72-73; 117 NW 550 (1908).

The fact that plaintiff's claim is constitutional in nature changes nothing, then, when § 6431(3) in no way abrogates the substantive constitutional protection he asserts. See *Taxpayers Allied*, 450 Mich at 126 ("The plaintiff has not provided us with any reason why this state constitutional right should be treated differently [than a federal constitutional right otherwise limited by a statute of limitations]"); *Hart v Detroit*, 416 Mich 488, 496; 331 NW2d 438 (1982) (rejecting the claim that statutes of limitations may not be applied to suits seeking remedies for violations of federal constitutional rights); accord: *Luy v Baltimore Police Dep't*, 326 F Supp 2d 682, 693 (D Md, 2004), aff'd 120 Fed Appx 465 (CA 4, 2005) ("the notice requirements of the [Local Government Tort Claims Act] apply to intentional and constitutional torts"). Rather, § 6431(3) merely supplements the constitutional protection at issue by placing a reasonable, albeit minimal burden on a plaintiff to advise the state of potential claims. For these reasons, the statutory notice requirement of § 6431(3) is reasonable and did not otherwise

deprive plaintiff of any substantive, constitutional right. Plaintiff's failure to comply is dispositive.[9]

We reverse the court order denying the DOC's motion for summary disposition and remand for entry of an order granting the DOC's motion for summary disposition. We do not retain jurisdiction.

No costs, this case involving a public question. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Peter D. O'Connell

---

[9] Plaintiff has cited no authority in support of his alternative argument that his claim survives under the so-called "continuing violations" doctrine. He has therefore abandoned that argument. *Mudge v Macomb Co*, 458 Mich 87, 104-105; 580 NW2d 845 (1998). In any event, the doctrine is no longer viable in this state—even if it applied to notice provisions. *Schaendorf v Consumers Energy Co*, 275 Mich App 507, 517; 739 NW2d 402 (2007) ("the continuing-wrongful-acts doctrine is no longer viable with respect to claims arising beyond the period of limitations"), citing *Garg v Macomb Co Community Mental Health Servs,* 472 Mich 263, 290; 696 NW2d 646 (2005) ("the ["continuing violations"] doctrine has no continued place in the jurisprudence of this state"), amended 473 Mich 1205 (2005).