McCormack, C.J. (concurring).
**194 I concur in the majority opinion. If MCL 600.6431(3)'s sixth-month notice period governs the plaintiffs' claims, it started to run when the state deprived the plaintiffs of a property interest without due process. I write separately, however, because I am not convinced that our strict-compliance rule from McCahan and Rowland for notice of statutorily created claims applies to a due-process claim in particular, or to constitutional tort claims at all. If a different standard governs a due-process claim, then Mr. Williams's claim might also survive. But since Mr. Williams has not made this argument, I join the majority opinion's result.
We held in Rowland v. Washtenaw Co. Rd. Comm. , 477 Mich. 197, 731 N.W.2d 41 (2007), that a suit may be dismissed for failure to comply with a statutory notice requirement even if the defendant was not prejudiced by the lack of notice, abrogating our precedent holding notice requirements unconstitutional with no actual prejudice. We reasoned that "inasmuch as the Legislature is not even required to provide a defective highway exception to governmental immunity, it surely has the authority to allow such suits only upon compliance with rational notice limits." Rowland , 477 Mich. at 212, 731 N.W.2d 41. In other words, when the government waives its immunity from suit, it may do so on its own terms, subject only to rational-basis review. And the notice provision survived our rational-basis review.
Our opinion in McCahan v. Brennan , 492 Mich. 730, 822 N.W.2d 747 (2012), followed. We explained that it is "the sole province of the Legislature to determine whether and on what terms the state may be sued" and that "the judiciary has no authority to restrict or amend those terms." Id . at 732, 822 N.W.2d 747. And so we extended the Rowland rule to apply to the notice provision in **195 MCL 600.6431 (the same Court of Claims notice provision at issue) and other statutory notice or filing provisions like it. Id . at 732-733, 822 N.W.2d 747.
But we have not held that the same is true of constitutional claims generally, or due-process claims in particular.[1] And I'm not sure we should: Rowland 's governmental-immunity rationale is less persuasive in the constitutional context. The Rowland and McCahan plaintiffs' substantive claims (for personal injuries resulting from a defective highway condition in Rowland , and for automobile tort liability in McCahan ) existed only by legislative grace-there is *553 no constitutional guarantee of safe roads or payment of personal injury benefits. The state enjoys broad immunity from suit unless it waives its immunity by creating a statutory right of action; the Legislature may place whatever conditions it wishes on rights of its own creation, including a notice requirement. And courts shouldn't undermine those legislatively created conditions.
But it is the Constitution that forbids the government from depriving a person of his property without due process of law. The Legislature is not the source of the due-process right (more often its target), so the fundamental principle that animated our decisions in Rowland and McCahan isn't implicated here. Whether and how much the Legislature can limit a person's ability to pursue a due-process claim is a first-principles question: A strict-compliance interpretation of the MCL 600.6431(3) notice requirement applied to a due-process **196 claim will permit the Legislature to burden or curtail constitutional rights.[2] How much of a burden is too much?
To be sure, the due-process right, like any other constitutional right, is not absolute. "A constitutional claim can become time-barred just as any other claim can. Nothing in the Constitution requires otherwise." Block v. North Dakota , 461 U.S. 273, 292, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) (citations omitted). Constitutional remedies may be "subject to a reasonable time bar designed to protect other important societal values." Hair v. United States , 350 F.3d 1253, 1260 (C.A. Fed., 2003). The Legislature may, at its discretion, restrict or change "the forms of action or modes of remedy ... provided adequate means of enforcing the right remain. In all such cases, the question is one of reasonableness, and we have, therefore, only to consider whether the time allowed in this statute is, under all the circumstances, reasonable." Terry v. Anderson , 95 U.S. 628, 633, 24 L.Ed. 365 (1877).
But that's the question: is the six-month, no-exceptions notice provision reasonable when the government has taken a person's property without due process?[3] The answer *554 matters for Mr. Williams. Hypotheticals **197 show why it's a hard question: If the Legislature enacted a statute that required me to notice my intent to challenge a local ordinance that limits gun ownership to one weapon per household within 24 hours of having my weapon confiscated, we would surely be troubled by that barrier to my ability to vindicate my Second Amendment rights. And likewise if I wait 50 years to complain that denial of a park permit for my annual church picnic violated the First Amendment, we would think it unfair for the government to be on the hook when there is likely no information available or witnesses around to contest the complaint. I don't know where this six-month notice period for a claim that the state has taken my tax refund without due process falls on that continuum. **198 Mr. Williams has not challenged the application of MCL 600.6431(3) to his due-process claims; he has instead conceded that the six-month notice period for property damage or personal injury applies to his claims. Given that, I agree with the majority that Mr. Williams's claim is untimely because he failed to file notice within six months of the May 2014 garnishment, when he first suffered a deprivation of property.
Cavanagh, J., did not participate in the disposition of this case because the Court considered it before she assumed office.

As the majority explains, the Court of Appeals did so in Rusha v. Dep't of Corrections , 307 Mich. App. 300, 859 N.W.2d 735 (2014) ; see also Mays v. Snyder , 323 Mich. App. 1, 30-37, 916 N.W.2d 227 (2018) (affirming a denial of summary disposition because application of the notice provision would have divested the plaintiffs of the ability to vindicate alleged constitutional violations by depriving them of access to the courts).

Of course MCL 600.6431(3) requires only that notice of a claim be filed within six months; and the complaint itself must be filed within three years. But in many cases, claims may be time-barred by the initial notice requirement before a victim ever realizes she was harmed. Some "deprivations, such as those involving denial of due process or of equal protection, will be far more subtle" than a more obvious tort like a battery. Felder v. Casey , 487 U.S. 131, 146 n. 3, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). "In the latter, and by no means negligible, category of constitutional injuries, victims will frequently fail to recognize within the 4-month statutory period that they have been wronged at all." Id .

It's no secret that notice-of-claim statutes burden claimants' rights-that's the point. Notice-of-claim statutes are "designed to minimize governmental liability ...." Felder , 487 U.S. at 153, 108 S.Ct. 2302. And although notice-of-claim statutes can shield the state against statutory claims, they may have to yield to higher authorities like the Constitution or federal law. For example, the United States Supreme Court has held that such abbreviated periods for bringing claims conflict with 42 U.S.C. 1983 and thus are preempted by federal law. The Court held that Wisconsin could not apply its four-month notice period to bar § 1983 claims in its state courts:
A state law that conditions that right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law. [Felder , 487 U.S. at 153, 108 S.Ct. 2302.]
Similarly, the Court overruled a Maryland case that applied the state's six-month limitations period to an employment discrimination case under the Civil Rights Act:
[T]he legislative choice of a restrictive 6-month limitations period reflects in part a judgment that factors such as minimizing the diversion of state officials' attention from their duties outweigh the interest in providing employees ready access to a forum to resolve valid claims. That policy is manifestly inconsistent with the central objective of the Reconstruction-Era civil rights statutes, which is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief. [Burnett v. Grattan , 468 U.S. 42, 54-55, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).]