*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD L. DAVIS,

      Plaintiff-Appellant,

UNPUBLISHED
February 11, 2020

v

No. 347243
Court of Claims
LC No. 18-000119-MP

MICHIGAN DEPARTMENT OF
CORRECTIONS,

      Defendant-Appellee.

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the Court of Claims's opinion and order granting summary disposition under MCR 2.116(C)(8) (failure to state a claim) in favor of defendant, the Michigan Department of Corrections. We affirm.

Plaintiff is a prisoner in the care of defendant. Plaintiff alleges that he was diagnosed with galactorrhea and was advised to avoid soy and soy byproducts. Plaintiff was already on a vegan diet for religious reasons. Plaintiff informed his doctor that he would be willing to entertain a normal diet if given a medical justification to cease the religious diet. Thereafter, defendant rejected plaintiff's request for a soy-free vegan diet. Plaintiff alleges that, when he began to avoid eating soy and soy byproducts, plaintiff was forced to survive on 300 to 700 calories a day. Plaintiff brought this suit in the Court of Claims, alleging constitutional torts on the basis of violations of his rights under Const 1963, art 1, §§ 16 and 17. The Court of Claims granted defendant's motion for summary disposition, holding that defendant did not act with deliberate indifference to plaintiff because plaintiff informed defendant that plaintiff would consider the regular diet if needed for health reasons. Plaintiff now appeals.

We review decisions to grant summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(8) may be granted only when a claim is unenforceable as a matter of law and no factual development could lead to the claim's enforceability. *Id*. at 119. The trial court decides a motion under MCR

2.116(C)(8) on the pleadings. *Id*. at 119-120. On review, factual allegations of the nonmoving party are accepted as true, and facts are taken in the light most favorable to that party. *Id*. at 119.[1]

A constitutional tort may exist when a plaintiff alleges a violation of the Michigan Constitution by a governmental policy. *Rusha v Dep't of Corrections*, 307 Mich App 300, 305; 859 NW2d 735 (2014). The Court of Claims has exclusive jurisdiction to hear constitutional tort claims under MCL 600.6419(1)(a). *Id*. Const 1963, art 1, § 16 provides, in relevant part, that "cruel or unusual punishment shall not be inflicted . . . ." "In an appropriate case, the Michigan Constitution's prohibition against 'cruel or unusual' punishment may be interpreted more broadly than the Eighth Amendment's prohibition against 'cruel and unusual' punishment." *Carlton v Dep't of Corrections*, 215 Mich App 490, 505; 546 NW2d 671 (1996). However, federal cases interpreting the Eighth Amendment may still provide useful persuasive authority for what constitutes cruel or unusual punishment. *Johnson v Wayne Co*, 213 Mich App 143, 152; 540 NW2d 66 (1995). Const 1963, art 1, § 17 provides, in relevant part, that "[n]o person shall be . . . deprived of life, liberty or property, without due process of law."

We conclude that the Court of Claims correctly ruled that plaintiff failed to provide evidence that defendant was deliberately indifferent to plaintiff's harm such that either cruel or unusual punishment or a deprivation of due process occurred.

"A prison official's deliberate indifference to a substantial risk of harm to an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment." *Johnson*, 213 Mich App at 152. "Deliberate indifference requires a showing that the official was subjectively aware of the risk." *Id*. This standard applies in the context of medical care. See *Morden v Grand Traverse Co*, 275 Mich App 325, 333; 738 NW2d 278 (2007). A prison official must know the facts underlying the inference that a substantial risk of serious harm exists, and the official must draw the inference. *Jackson v Detroit*, 449 Mich 420, 430-431; 537 NW2d 151 (1995). Additionally, a prison official is not liable if he or she acted reasonably in response to the substantial risk of harm. *Id*. at 431. Notably, a due-process claim, like a cruel or unusual punishment claim, requires the showing of deliberate indifference to a prisoner's serious medical needs. See *Brewer v Perrin*, 132 Mich App 520, 530; 349 NW2d 198 (1984).

In *Johnson*, the plaintiff, a juror who did not show up to court, claimed that jail officials placed her in the same holding cell as the defendant in the case in which she was supposed to serve as a juror. *Johnson*, 213 Mich App at 147-148. The plaintiff alleged that the jail officials laughed at her through a window. *Id*. at 158. This Court held that the plaintiff failed to make a sufficient showing of deliberate indifference because plaintiff did not inform the officials of her fears and

---

[1] We note plaintiff's brief contention on appeal that the Court of Claims''s grant of defendant's motion for summary disposition was against the "great weight of the evidence." Again, in evaluating a summary disposition motion, the factual allegations of the nonmoving party are accepted as true, and facts are taken in the light most favorable to that party. *Maiden*, 461 Mich at 119. Plaintiff's argument is therefore misplaced.

there was nothing on the record to show disregard of a risk of harm that the officials were aware of.  *Id*. at 154.

The Court of Claims correctly determined that defendant was not deliberately indifferent to plaintiff because plaintiff stated to defendant that he would be willing to stop the vegan diet for medical reasons.  Unlike in *Johnson*, 213 Mich App at 154, wherein this Court noted that the plaintiff failed to inform the officers about her fears about being placed in the cell with the prisoner, in this case, the prison officials were aware of plaintiff's soy and vegan diet issue.  However, prison officials were also aware that plaintiff was willing to give up the vegan diet for medical reasons.  On that basis, the Court of Claims did not err by determining that defendant could have reasonably believed that plaintiff could either stop avoiding soy or stop the vegan diet and select the regular diet instead.  Nothing alleged by plaintiff indicates that there was any animosity or improper intent behind defendant's actions.  Moreover, a prison official is not liable if he or she acted reasonably.  *Jackson*, 449 Mich at 431.  Defendant acted reasonably in this case because defendant was informed that plaintiff was willing to select the regular diet if needed for health reasons and therefore defendant did not act in a deliberately indifferent manner by refusing to create a soy-free vegan diet for plaintiff.

In sum, plaintiff did not demonstrate that the trial court erred as a matter of law by granting defendant's motion for summary disposition because plaintiff did not allege facts sufficient to demonstrate that defendant was deliberately indifferent.

Affirmed.


/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra