*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH GLADSON,

       Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

       Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 356075
Court of Claims
LC No. 20-000202-MZ

Before: SWARTZLE, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM

Mattie Robinson was employed by defendant when she was involved in an automobile collision with plaintiff. Plaintiff sued defendant for negligently entrusting its motor vehicle to Robinson's operation, and defendant moved to dismiss plaintiff's claim for improper verification of her notice of intent to sue. The trial court denied defendant's motion for summary disposition. We affirm.

The facts relevant to this appeal are brief. Plaintiff sued defendant in the Court of Claims, which requires plaintiffs to file a notice of intent to sue under MCL 600.6431. Plaintiff's notice of intent included a verification signed by a notary public. Defendant argued that plaintiff's notice of intent was defective, and it moved to dismiss plaintiff's claims under MCR 2.116(C)(7), because plaintiff's notarized signature on the notice of intent did not include an oath or affirmation from plaintiff and was, therefore, inconsistent with the verification requirement under MCL 600.6431(2)(d) and MCR 1.109(D)(3)(b). The trial court held that plaintiff had strictly complied with the plain reading of MCL 600.6431 because the notary public's signature was a jurat certification, and MCR 1.109(D) was inapplicable because plaintiff's notice of intent was not a "document" for the purposes of that rule. The trial court denied defendant's motion.

This Court heard oral argument from both parties and held defendant's appeal in abeyance pending our Supreme Court's decision in *Elia Cos, LLC v Univ of Mich Regents*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162830). The matter in *Elia* was concluded by our Supreme Court, and this appeal is now again considered by this Court.

-1-

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). "A motion for summary disposition pursuant to MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Miller v Lord*, 262 Mich App 640, 643; 686 NW2d 800 (2004) (cleaned up). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003) (cleaned up).

Defendant argues that the trial court erred by ruling that plaintiff's notarized signature satisfied the verification requirements of MCL 600.6431, which states in relevant part:

(1) Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

(2) A claim or notice under subsection (1) must contain all of the following:

(a) A statement of the time when and the place where the claim arose.

(b) A detailed statement of the nature of the claim and of the items of damage alleged or claimed to have been sustained.

(c) A designation of any department, commission, board, institution, arm, or agency of the state involved in connection with the claim.

(d) A signature and verification by the claimant before an officer authorized to administer oaths.

(3) A claimant shall furnish copies of a claim or notice filed under subsection (1) to the clerk at the time of filing for transmittal to the attorney general and to each of the departments, commissions, boards, institutions, arms, or agencies of this state designated in the claim or notice.

(4) For a claim against this state for property damage or personal injuries, the claimant shall file the claim or notice under subsection (1) with the clerk of the court of claims within 6 months after the event that gives rise to the claim.

"MCL 600.6431 requires more than the mere act of verification and instead requires some proof of that verification—that . . . the notice bear an indication that the signature was signed and sworn to before an officer authorized to administer oaths." *Fairley v Dep't of Corrections*, 497 Mich 290, 299; 871 NW2d 129 (2015). MCL 600.6431(3) "is an unambiguous condition precedent to sue the state, and a claimant's failure to comply strictly with this notice provision warrants dismissal of the claim, even if no prejudice resulted." *Rusha v Dep't of Corrections*, 307 Mich App 300, 307; 859 NW2d 735 (2014) (cleaned up); see also *Fairley*, 497 Mich at 292

(explaining that failure to comply with the verification requirements is a complete defense in an action against the state or one of its departments). Therefore, the failure to provide a verified claim or notice serves as a bar to pursuing a claim in the Court of Claims, regardless of whether the defendant has actual notice apart from those formalities. *McCahan v Brennan*, 492 Mich 730, 743; 822 NW2d 747 (2012).

Defendant does not argue that plaintiff's notice of intent was not filed within six months of the accrual of her claims. Instead, defendant argues that plaintiff's notice of intent did not comply with MCL 600.6431(2)(d). In this case, the notarization on plaintiff's notice of intent indicates that she signed it under an oath or affirmation before a notary public, verifying and certifying that the factual statements contained in the notice were true.

This Court was presented with a similar set of facts in *Chisholm v State Police*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 355691), in which the plaintiff had filed a notice of intent with the Court of Claims that contained his signature notarized by a notary public. The defendants argued, in part, that plaintiff did not file a notice of intent or verified claim because it did not contain an oath or affirmation by the plaintiff. *Id.* at 1. This Court explained that the Michigan Law of Notarial Acts, MCL 55.261 *et seq*, provides that a "jurat" is a "certification by a notary public that a signer, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has made in the presence of the notary public a voluntary signature and taken an oath or affirmation vouching for the truthfulness of the signed record," *id.* at 4, and held that the "jurat notarization was sufficient to satisfy the requirements of MCL 600.6431(2)(d) because it contained a signature and verification by the claimant before an officer authorized to administer oaths," *id.*

Thus, plaintiff's notice of intent, in this case, sufficiently satisfied MCL 600.6431(2)(d), and the trial court did not err by denying defendant summary disposition for this reason.

Defendant also argues, as did the defendant in *Chisholm*, that plaintiff's notice of intent was required to satisfy MCR 1.109(D)(3) because our Supreme Court held, in *Progress Mich v Attorney General*, 506 Mich 74, 93; 954 NW2d 475 (2020), that the practice and procedure in the Court of Claims is "governed by the statutes and court rules applicable to proceedings in the circuit court." MCR 1.109(D)(3) provides:

> (3) Verification. Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit. If a document is required or permitted to be verified, it may be verified by
>
> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or
>
> (b) except as to an affidavit, including the following signed and dated declaration:
>
> "I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration.

As this Court explained in *Chisholm*, "regardless of whether plaintiff's notice of intent is a document under the broad definition of 'document' in MCR 1.109(B), and thus subject to the subrule governing the verification of documents, plaintiff's jurat notification satisfies MCR 1.109(D)(3)(a)," *Chisholm*, ___ Mich App at ___; slip op at 5 (cleaned up), because it is an "oath or affirmation of the party or of someone having knowledge of the facts states," MCR 1.109(D)(3)(a). Similarly in this case, plaintiff had knowledge of the facts because she was involved in the automobile collision and her signature with the jurat notarization indicated that she had sworn that the statements were true. Thus, the trial court did not err.

Lastly, defendant argues that plaintiff should not be allowed to amend her notice of intent to cure any defects concerning verification. As stated, however, plaintiff's notice of intent was not defective in its verification. Thus, this issue is moot. See *Davis v Secretary of State*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 362841).

Affirmed. Plaintiff, as the prevailing party, may tax costs under MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ James Robert Redford