*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICK YONO,

        Plaintiff-Appellant,

v

COUNTY OF INGHAM, INGHAM COUNTY
TREASURER, and INGHAM COUNTY LAND
BANK FAST TRACK AUTHORITY,

        Defendants-Appellees.

UNPUBLISHED
December 28, 2023

No. 362536
Ingham Circuit Court
LC No. 20-000697-CZ

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

JANSEN, J. (*concurring*).

I concur in the result of the majority opinion only as *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 361397) and *Rafaeli, LLC v Oakland Co*, 505 Mich 429; 952 NW2d 434 (2020) control the issues on appeal. I write separately to address several issues of concern that were not litigated or appealed in this matter that I anticipate will need to be addressed in future cases of a similar nature.

First, the parties do not challenge whether plaintiff's claims were barred by the statute of limitations. In an inverse condemnation action where the plaintiff alleges a governmental taking for which he is due just compensation, but the plaintiff no longer has an ownership interest in the property taken, the six-year statute of limitations in MCL 600.5813 applies. See *Hart v Detroit*, 416 Mich 488, 503; 331 NW2d 438 (1982).[1] See also *Rusha v Dep't of Corrections*, 307 Mich App 300, 311; 859 NW2d 735 (2014) (statutes of limitations are enforced for constitutional claims). "In an inverse condemnation action such as the present one, in which [the] plaintiff[] claim[s] a continuous wrong by the condemnor, it is well-settled that the statute of limitations does

---

[1] When the plaintiff retains ownership of rights in the property when the suit is filed, the 15-year statute of limitations in MCL 600.5801(4) applies. *Hart*, 416 Mich at 499. Here, plaintiff no longer retained ownership interest in the property at the time suit was filed in 2020 as the property had by that time been transferred to the Land Bank.

not begin to run until the consequences of the condemnor's actions have stabilized." *Hart*, 416 Mich at 504. This Court must consider the facts and circumstances of each case to determine when the consequences have stabilized. *Id*.

Here, plaintiff was delinquent in paying his property taxes in 2014 and 2015. The earliest certificate of forfeiture was recorded with the register of deeds in 2016. Plaintiff asserts in his reply brief on appeal that his filing suit in December 2020 meets the six-year statute of limitations, implying that it began to run at the time of forfeiture in 2016. Although not argued by the parties, it is unclear when the statute of limitations begins to run in these circumstances. Presumably, plaintiff received notice that he was delinquent in paying his 2014 taxes before the certificate of forfeiture was recorded in 2016, which could be outside the six-year period. See MCL 211.78b ("on or within 60 days before the June 1 immediately succeeding the date that unpaid taxes are returned to the county treasurer as delinquent," the treasurer shall send notice to the property owner). But the parties do not argue what action taken by County is when the statute of limitations began to run or when the consequences of such action "stabilized." *Hart*, 416 Mich at 504.

Secondly, the majority opinion directs the trial court on remand to calculate the "surplus" owed on the property by reference to the value of the property, less what plaintiff owed in delinquent taxes when the foreclosure occurred. "Inverse condemnation concerns the taking of private property, and pursuant to the Takings Clauses, a victim of such a taking is entitled to just compensation for the value of the property taken." *Gym 24/7 Fitness, LLC v State*, 341 Mich App 238, 262; 989 NW2d 844 (2022). I anticipate issues in determining what the fair market value of the property will be to come to this figure. It would be improper to use the fair market value of the current year, but the parties did not litigate whether the fair market value would be determined as of the time of the unpaid taxes (2014 and 2015), the time the certificates of forfeiture were recorded (2016 and 2017), or the time of the foreclosure sale (2017). Thus, I find difficulty with the approach of the majority regarding these issues not yet resolved, litigated, or appealed, but concur in the result under the controlling caselaw.

/s/ Kathleen Jansen