*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY DEITERT,

        Plaintiff-Appellant,

UNPUBLISHED
January 18, 2024

v

UNIVERSITY OF MICHIGAN BOARD OF
REGENTS,

        Defendant-Appellee.

No. 349059
Washtenaw Circuit Court
LC No. 17-000508-CD

ON REMAND

Before: SWARTZLE, P.J., and RICK and YATES, JJ.[1]

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court "for reconsideration in light of *Christie* [*v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023)], and, if necessary, for consideration of any issues raised by the plaintiff but not addressed by the court during its initial review of this case." *Deitert v Univ of Mich Bd of Regents*, 994 NW2d 774 (Mich, 2023). Having considered the change in the law brought about by *Christie*, we affirm.

## I. FACTUAL BACKGROUND

The pertinent facts are relatively brief. Plaintiff filed this action alleging that defendant violated Michigan's Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*. The trial court granted summary disposition to defendant on the ground that plaintiff had failed to comply with the notice provision of MCL 600.6431(1), which requires a plaintiff to file a written notice of his or her intent to file a claim against the state with the office of the clerk of the Court of Claims within one year after the claim accrues. The trial court reasoned that the statutory notice

---

[1] Judge Yates has been designated to serve in the stead of former Judge Amy Ronayne Krause, who sat on the panel that heard this case on direct appeal.

requirement applies irrespective of whether a plaintiff brings the action in the Court of Claims or, as here, in circuit court. Plaintiff appealed.

On the basis of this Court's published opinion in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020), overruled by *Christie*, 511 Mich 39, we reversed the grant of summary disposition to defendant and remanded for continued proceedings in the circuit court. *Deitert v Univ of Mich Bd of Regents*, unpublished per curiam opinion of the Court of Appeals, issued August 26, 2021 (Docket No. 349059), pp 1-2 (*Deitert* I). We noted that "the *Tyrrell* Court concluded that the notice provision contained in MCL 600.6431(1) does not apply when a plaintiff files a claim against a state defendant in circuit court." *Deitert* I, unpub op at 2.

Plaintiff then appealed to our Supreme Court, which held the case in abeyance pending the outcome in *Christie*. *Deitert v Univ of Mich Bd of Regents*, 969 NW2d 39 (Mich, 2022). Thereafter, the Court issued its opinion overruling *Tyrrell* in *Christie*, and subsequently remanded to this Court for reconsideration. *Deitert v Univ of Mich Bd of Regents*, 994 NW2d 774 (Mich, 2023).

## II. ANALYSIS

### A. NOTICE

When this case was previously before the us, our Supreme Court had yet to overrule *Tyrrell*, 335 Mich App 254. Thus, relying on *Tyrrell*, we concluded that the trial court erred by granting summary disposition because MCL 600.6341(1) did not require plaintiff to file a notice with the office of the clerk of the Court of Claims in order to maintain her circuit court action. But in *Christie*, 511 Mich at 44, our Supreme Court overruled *Tyrrell*, holding that this Court "in *Tyrrell* erred by concluding that MCL 600.6431(1)'s notice requirements apply only to claims initiated against the state in the Court of Claims." The *Christie* Court observed that "[t]he text of [MCL 600.6431(1)] does not limit its notice requirements to claims initiated in the Court of Claims." *Id.* The notice provision at issue states as follows:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies. [MCL 600.6431(1).]

According to our Supreme Court, the plain language of the statute indicates that it applies "categorically to a claim against the state." *Christie*, 511 Mich at 44-45 (quotation marks omitted). Thus, the Court concluded that "the notice requirements of MCL 600.6431(1) apply to *all* claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself." *Christie*, 511 Mich at 45 (emphasis added).[2]

---

[2] The only exemption to the notice requirements is set forth in MCL 600.6431(5), which notes that "[t]his section does not apply to a claim for compensation under the wrongful imprisonment

This case is similar to *Christie*, in that the plaintiff in *Christie* "did not comply with MCL 600.6431(1) within one year of the accrual of her claims" by filing the appropriate notice with the clerk of the Court of Claims. *Id*. at 45, 57. Likewise, plaintiff here did not comply with MCL 600.6431(1) by filing notice of her claim with the clerk of the Court of Claims within one year of the accrual of the claim. Applying *Christie*'s pronouncement that MCL 600.6431(1) applies to all claims against the state, we therefore conclude that plaintiff's failure to strictly comply with the notice requirements of MCL 600.6431(1) must result in the dismissal of her claim. Accordingly, the trial court did not err by granting summary disposition to defendant.

## B. PLAINTIFF'S ADDITIONAL ARGUMENTS

In its remand order, the Supreme Court also charged us with the responsibility to consider any other issues that were "raised by the plaintiff but not addressed by the court during its initial review of this case." *Deitert v Univ of Mich Bd of Regents*, 994 NW2d 774 (Mich, 2023). In her original appeal to this Court, plaintiff argued that considerations of fairness required the denial of defendant's motion for summary disposition, namely, she asserted that (1) it would be improper to retroactively apply a 2018 unpublished opinion of this Court upon which defendant had relied, and (2) a doctrine regarding harsh and unreasonable consequences should compel the denial of defendant's motion. We disagree.

Plaintiff's retroactivity argument largely concerns defendant's reliance on *Hawthorne-Burdine v Oakland Univ*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2018 (Docket Nos. 338605 and 339188), which was released after plaintiff brought the instant suit against defendant in June 2017. In general, judicial decisions are given full retroactive application except when prospective application is more appropriate because of reliance interests on previously-settled precedent. See *Bezau v Palace Sports & Ent, Inc*, 487 Mich 455, 462-464; 795 NW2d 797 (2010). But even if that were not the case, an unpublished opinion like *Hawthorn-Burdine* is of little consequence at all at this point. Not only does the case lack any precedential effect in its own right under the rule of stare decisis, MCR 7.215(C)(2), but more importantly, *Christie* is controlling here, and we are bound to follow it. See *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by this Court except where those decisions have *clearly* been overruled or superseded . . . ." (footnote omitted; emphasis in original)). We therefore deem it unnecessary to address the retroactive applicability or substantive merits of *Hawthorne-Burdine*.

We further find plaintiff's argument regarding harsh and unreasonable consequences unpersuasive. The applicability of the harsh-and-unreasonable-consequences exception is generally limited to constitutional claims and is only appropriately applied when the dismissal of a constitutional claim is "so harsh and unreasonable in [its] consequences that [it] effectively divest[s] plaintiffs of the access to the courts intended by the grant of the substantive right." See *Rusha v Dep't of Corrections*, 307 Mich App 300, 311; 859 NW2d 735 (2014) (quotation marks and citation omitted). As this Court more recently explained:

---

compensation act, 2016 PA 343, MCL 691.1751 to 691.1757." No exemption exists for claims brought under the PWDCRA. See *Christie*, 511 Mich at 53.

The harsh-and-unreasonable-consequences exception is merely a judicial recognition that in limited cases, when the practical application of the Legislature's statutorily imposed procedural requirements is unreasonable or completely divests a claimant of his or her right to pursue a constitutional claim, those procedural requirements are unconstitutional. [*Mays v Snyder*, 323 Mich App 1, 33; 916 NW2d 227 (2018), aff'd sub nom *Mays v Governor*, 506 Mich 157; 954 NW2d 139 (2020).]

Typically, a statutory claim under the PWDCRA arises when the defendant discriminates against the plaintiff "in one of the ways described in the statute." See *Lown v JJ Eaton Place*, 235 Mich App 721, 727; 598 NW2d 633 (1999). Because the harsh-and-unreasonable-consequences exception is largely only applicable to constitutional claims, it cannot save plaintiff's statutory claim under the PWDCRA for statutory discrimination based on a disability. Moreover, it is "well established that the Legislature may impose reasonable procedural requirements, such as a limitations period, on a plaintiff's available remedies even when those remedies pertained to alleged constitutional violations." *Rusha*, 307 Mich App at 307 (cleaned up). The notice requirement at issue here is one such procedural requirement, which did little more than place a minimal burden on plaintiff to provide the state with notice of her claim. *Id*. at 313. We therefore conclude that the notice requirement was not unreasonable and that plaintiff's harsh-and-unreasonable-consequences argument lacks merit. We decline to further consider the issue.

Affirmed.

/s/ Brock A. Swartzle
/s/ Michelle M. Rick
/s/ Christopher P. Yates

-4-